MAYOR AND CITY COUNCIL OF NASHVILLE *v.* B. M. WEBB
et al.

*(Nashville.    December Term, 1904.)*

1. **MUNICIPAL CORPORATIONS.** Actions against are inherently local, and must be brought in the county of their location.

Actions against municipal corporations for personal injuries are inherently local, and must be brought in the county in which such corporations have their existence and location.    (*Post*, *pp.*434-436.)

Cases cited and approved: Carlisle v. Cowan, 85 Tenn., 165; Board v. Bodkin, 108 Tenn., 700; Lehigh Co. v. Kleckner, 5 Watts & S., 181, 186, 188; Oil City v. McAboy, 74 Pa., 249-252; Pack v. Greenbush Township, 62 Mich., 122.

2. **LOCAL ACTIONS.** Statutes providing for counterpart process and prosecution of suits brought in wrong county unless abated by plea are not applicable.

The statutes providing for the counterpart process and prosecution of actions brought in the wrong county to a termination, unless abated by plea of defendant, have no application to local actions brought in the wrong county.    (*Post, pp.* 436, 437.)

Code cited and construed: Secs. 4526, 4517 (S.); secs. 3526, 3517 (M. & V.); secs. 2821, 2812 (T. & S. and 1858).

Case cited and approved: Board v. Bodkin, 108 Tenn., 700.

3. **MUNICIPAL CORPORATIONS.** Judgments against, in a suit in a county other than that of its location is void, and will be enjoined; case in judgment.

A judgment rendered against a municipal corporation in a suit brought against it for personal injuries in a county other than that of its location is void, and its execution will be perpetually enjoined in chancery.

Nashville v. Webb.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County.—JOHN ALLISON, Chancellor.

K. T. M' CONNICO and HILL M'ALISTER, for complainants.

CANTRELL & M'MILLIN, for defendants.

Mr. JUSTICE NEIL delivered the opinion of the Court.

The bill in the present case was filed to enjoin the execution of a judgment rendered against the complainant in the circuit court of Wilson county on the 22d of January, 1901.

The facts, so far as necessary to be stated, are that about the 3d of January, 1900, the defendant B. M. Webb instituted suit in the circuit court of Wilson county against the Nashville, Chattanooga & St. Louis Railway Company and the Louisville & Nashville Railroad Company and the present complainant, hereinafter spoken of as the city of Nashville.

The original writ was served on the Nashville Chattanooga & St. Louis Railway Company at one of its local offices in Wilson county, and a counterpart was issued

to Davidson county for the other two defendants, and served, as to the city of Nashville, upon its mayor, J. M. Head.   The city did not enter its appearance in the cause, or make any defense to the action, with the result that, on the date above stated, a judgment by default was entered against it in favor of B. M. Webb for the sum of $4,000.   The ground of the action laid in the declaration in that case was that the plaintiff therein, Webb, had suffered personal injuries by reason of a defective sidewalk in the city. After judgment had been thus obtained an execution was issued to Davidson county, and while in the hands of the sheriff of the latter county, it was enjoined under the present bill.   Among other reasons for enjoining the execution and canceling the judgment, it was insisted in the bill that the circuit court of Wilson county acquired no jurisdiction of the city of Nashville by the service of the counterpart writ above referred to, and the judgment was therefore wholly void.   The chancery court of Davidson county took this view of the matter, and rendered a decree awarding a perpetual injunction against the execution, and declared the judgment itself void.   On appeal, the court of chancery appeals affirmed the decree of the latter court.   From the decree of the court of chancery appeals an appeal was prosecuted to this court, and errors have been assigned here.

We are of the opinion that the decrees of the two courts above referred to were correct.   It is true, there is no statute which makes an action brought against a

Nashville v. Webb.

municipal corporation a local action; nor could there ever be a necessity for such statute. Actions may be made by statute either transitory or local. Transitory actions are such as are said to follow the person of the defendant wherever he may be found. *Carlisle* v. *Cowan*, 85 Tenn., 165, 2 S. W., 26. Such, in general, are personal actions. Actions concerning realty may be regarded in a sense as personal, inasmuch as the title thereto rests in the owner, wherever he may be, yet, in obedience to a wise public policy, such actions are usually made local by statute. But actions against municipal corporations are inherently local. These bodies cannot change their situs or their place of abode. They cannot remove from one place to another, and sojourn for a time at this point or that. They remain stationary; hence they must be sued where they are found— that is, in the county of their location. It is a misnomer, a misapplication of terms, to speak of an action against such a body as transitory, no matter what the ground may be on which the right of action rests. Such actions are not only inherently local, but it is of the greatest importance to the welfare of such bodies, and of the citizens whom they serve, that their officers should be permitted to remain at home and discharge their public duties, instead of being called hither and thither over different parts of the State to attend to litigation brought against the city through the agency of counterpart writs. *Lehigh Co.* v. *Kleckner*, 5 Watts & S., 181, 186, 188; *Oil City* v. *McAboy*, 74 Pa., 149-252; *Pack,*

*Woods & Co.* v. *Greenbush Township,* 62 Mich., 122, 28 N. W., 746.

We are cited in the brief of defendant's counsel to the following sections of Shannon's Code:

"4526.   Where there are two or more defendants in any suit in courts of law or equity, or before justices of the peace, the plaintiff may cause counterpart summons, or subpoena, to be issued to any county where any of the defendants are most likely to be found, the fact that the counterpart process is issued in the same suit being noted on each process, which, when returned, shall be docketed as if only one process had issued.   If the defendants are not served, the same process shall be had as in cases of other similar process not executed."

"4517.   If action be brought in the wrong county, it may be prosecuted to a termination, unless abated by plea of defendant."

It needs no argument to show that section 4526 has no application to local actions.   It is perfectly obvious that a local action could not be turned into a transitory one, or one in effect transitory, by the device of uniting another person in the action, and by serving process on that person in the county in which it was desired to begin the litigation, and then issuing a counterpart writ to the locality of a defendant who could not otherwise be affected, save by an action brought in the latter county.   Actions are either transitory or local, and their nature cannot be changed by the form of the process used to institute them.

Nashville v. Webb.

It is also equally clear that section 4517 could have no bearing upon a local action brought in the wrong county; and this, for the reason that the courts of the latter county would have no jurisdiction of such a suit, and consent itself could not give jurisdiction.    This conclusion falls within the principle of *Board of Directors* v. *Bodkin Bros.*, 108 Tenn., 700, 69 S. W., 270.

It is also worthy of special observation that, in the case last referred to, the principles above announced in respect of municipal corporations are recognized, in the main, and the authorities from Pennsylvania and Michigan herein referred to are cited and quoted with approval.

We find no error in the decree of the court of chancery appeals, and it must be affirmed, with costs.