MEMPHIS DOCK & FORWARDING CO. *v.* FORT, COMMISSIONER
OF FINANCE AND TAXATION.

(*Nashville,* December Term, 1935.)

Opinion filed April 4, 1936.

W. G. Boone and Holmes, Canale, Loch & Glankler, all of Memphis, for appellant.

Roy H. Beeler, Attorney-General, and Edwin F. Hunt, Assistant Attorney-General, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The complainant is a domestic corporation organized to carry on a warehousing, storage, and freighting business. Its domicile is at Memphis. In 1924 it leased all its buildings, machinery, tracks, and docks to the St. Louis-San Francisco Railway Company for an annual rental that produces a net income.

The commissioner of finance and taxation assessed against complainant the excise tax imposed by law upon corporations. The tax was paid under protest, and this suit followed to recover upon the charge that it was illegally exacted.

The chancellor sustained defendant's demurrer to the bill, and the complainant appealed.

It is insisted through the several assignments of error that (1) complainant is not subject to the excise tax because it has leased all its corporate property and merely maintains its corporate existence for the purpose of holding title, receiving the rents, and distributing the income from rentals, and is not engaged in business. (2) That neither the ownership of property nor the rental of the property owned by the corporation is a taxable privilege and that it is not subject to the excise tax.

It may be conceded, as insisted by complainant, that the ownership and rental of corporate property is not a taxable privilege without affecting the result. The

tax is not laid upon a particular corporate business or upon a particular transaction; it is upon the privilege of doing business as a corporation and exercising the corporate powers for the purpose of producing a profit. The source of the profit and the character of business carried on in the corporate name is immaterial. The tax is measured by net earnings that result from whatever business may be done by the corporation in the exercise of powers conferred by the charter. That is made apparent by reference to the act carried into section 1316 of the Code of 1932. Our cases of *Bank of Commerce & Trust Co.* v. *Senter,* 149 Tenn., 569, 260 S. W., 144, and *Jorgensen-Bennett Mfg. Co.* v. *Knight,* 156 Tenn., 579, 3 S. W. (2d), 668, 60 A. L. R., 393, are in accord with that conclusion.

It would serve no purpose to refer to and discuss cases involving the different tax statutes from other jurisdictions which have been referred to by counsel for complainant and defendant.

We find no error in the decree of the chancellor and it is affirmed.