McKee *et al. v.* Board of Elections *et al.*

(*Jackson,* April Term, 1938.)

Opinion filed April 13, 1938.

W. M. FUQUA and CHARLES L. CORNELIUS, both of Nashville, for petitioners.

CHARLES M. BRYAN, SAM COSTEN, FRANK H. GAILOR, and WILLIAM GERBER, all of Memphis, and FRANK M. BASS, of Nashville, for respondents.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

By certain proceedings had before the State Board of Elections on March 10, 1938, and subsequent days, W. L. McKee, Joe Thompson and Ross A. Mathews, election commissioners for Shelby County, were removed and others appointed in their places.

On March 18, 1938, the removed officials filed a petition in the circuit court of Shelby County for *certiorari* and *supersedeas* to review and stay the order of the board of elections. The members of that board were named as defendants. The writs were granted under *fiat* of one of the judges of the circuit court of Shelby County.

The petition before us by a majority of the board of elections, as and for that board, prays for *certiorari* and *supersedeas* from this court to the circuit court of Shelby County. The petitioners here aver that the circuit court of Shelby County has undertaken in the premises to act in a matter beyond its jurisdiction and the petition asks that said proceedings in that court be superseded and the record brought up to this court and the petition of McKee and others dismissed.

We think the petition of the board of elections must be granted.

The prayer of the petition filed by the removed officers in the circuit court of Shelby County is as follows:

"That Your Honors award a writ of *certiorari* directed to the Board of Elections of the State of Tennessee and to the various members thereof, and in particular to J. B. Miller, its secretary, requiring the certifications of said record and proceedings to Your Honors, to the end that said proceedings be reviewed and reversed and that justice be done petitioners in the premises."

A prayer for proper notices, for the writs mentioned, etc., then follows and the prayer of the petition continues:

"That upon the filing of the record in this court, that the court declare all of the proceedings had and taken in said cause to be illegal, void and unauthorized, because of the manifold illegalities, and arbitrary, prejudiced and oppressive conduct hereinbefore set out, and that the entire proceedings be annulled and set aside.

"That if the court should be of the opinion that the proceedings were not wholly void, but were arbitrary, oppressive and illegal, so as to entitle the petitioners herein to a trial *de novo*, that the court grant a trial *de novo* upon the record, with an opportunity to both parties to

have the matter heard upon such things as are contained in the transcript, or such other evidence as either party may desire."

The petition to the circuit court of Shelby County concludes with a prayer for general relief and that it is the first application for extraordinary relief.

It is obvious that the writ of *certiorari* sought from the circuit court of Shelby County is *certiorari* in lieu of appeal. Section 1961 of the Code relating to the board of elections is as follows:

"All meetings shall be held at the state capitol, in Nashville, in such room as may be provided for use; and no meeting, except for organization and an adjourned meeting for the appointment of commissioners of elections, shall be held, except upon five days' written notice to each member of said board; but meetings may be called at any time by the president or by any two members; provided, a requisite notice as required shall be given."

The board of elections, as a body or tribunal, is thus precisely located at Nashville. The language could not be more specific. The board cannot function elsewhere. "All meetings" shall be held in Nashville.

The revisory power of a higher court is limited to the correction of errors of tribunals located within the territorial jurisdiction of the appellate body. It is the *situs* of the lower tribunal, and not the residence of the parties, that points out the proper appellate tribunal. We shall presently refer to section 9008 of the Code. It is enough in this connection to say that this section of the Code has no application to the matter before us.

Meetings of the board of elections are fixed in Davidson County just as were the sittings of the court of a

Davidson County magistrate prior to the creation of the court of general sessions for that county.

In *Rogers* v. *Miller,* 31 Tenn. (1 Swan), 22, this court said (page 23): "It is unquestionably true, that where the *certiorari* is sought to be used as a substitute for the appeal, to the end that another trial may be had upon the merits of the cause, the jurisdiction exclusively belongs to the circuit court of the county in which the justice's judgment was rendered."

In *Saunders* v. *Russell,* 78 Tenn. (10 Lea), 293, the court said (page 295): "If the object of the *certiorari* be to revise the judicial act of the official who issues the warrant, the jurisdiction is in the circuit court of the county in which the act has been done: *Cotton* v. *Dromgoole,* 62 Tenn. (3 Baxt.), [229], 230; *Rogers* v. *Miller,* 31 Tenn. (1 Swan), 22. The reason is that the general supervision of the circuit court over inferior tribunals must ordinarily be restricted to the tribunals within the limits of its jurisdiction, and the judgment rendered would be such as the inferior tribunal ought to have rendered."

In *Staples* v. *Brown,* 113 Tenn., 639, 85 S. W., 254, *certiorari* to review the action of the city council, the court said (page 644): "Jurisdiction of certain controversies, including contests of this character, may be vested in county courts, city councils, or boards of commissioners or supervisors, and *quasi* judicial powers conferred upon them; but their judgments must be, and are, subject to review by the circuit court of the county in which the proceedings are had."

The removed commissioners seek to justify the assumption of jurisdiction herein by the circuit court of Shelby County upon authority of *Williams* v. *State Board*

*of Dental Examiners,* 93 Tenn., 619, 27 S. W., 1019; *State Board of Medical Examiners* v. *Friedman,* 150 Tenn., 152, 263 S. W., 75; *Burger* v. *Parker,* 154 Tenn., 279, 290 S. W., 22; and *State ex rel. Logan* v. *Graper,* 155 Tenn., 565, 4 S. W. (2d), 955. It is sufficient to say of these cases that none of them were cases in which it was sought to employ the writ of *certiorari* in lieu of an appeal.

■ We are referred to section 9008 et seq. of the Code of 1932 providing for a review by *certiorari* of the action of boards or commissions. As we have previously said, these sections of the Code are not applicable to the case before us.

It is true by (1) of section 9008 it is provided that the petition for *certiorari* may be filed in "any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office." However, section 7 of chapter 2 of the Acts of the Third Extra Session of the General Assembly of 1937 provides that the action of the re-organized board of elections in removing any commissioner "shall not be subject to review by any other body or tribunal under section 9008 of the Code or otherwise."

■ Section 9008 of the Code neither enlarges nor diminishes the scope of review by *certiorari.* It only prescribes procedure. *Anderson* v. *Memphis,* 167 Tenn., 648, 72 S. W. (2d), 1059; *Prosterman* v. *Board of Dental Examiners,* 168 Tenn., 16, 73 S. W. (2d), 687. It was entirely competent, therefore, for the Legislature to make the remedy provided by section 9008 inapplicable to the review of proceedings of the State Board of Elections. There can be no criticism of section 7 of the said Act of 1937 thus far, because with section 9008 out of the way, the remedy by *certiorari* afforded under other statutes and

under the common law would still be available to the removed officials.

Whether so much of section 7 of the aforesaid Act as undertook to provide there should be no review of the action of the board of elections in removing a commissioner "otherwise" than under section 9008 of the Code —whether this portion of section 7 can be upheld, we do not here decide.

■ For the reasons stated and upon the authorities cited we conclude that the circuit court of Shelby County was without jurisdiction to undertake a review by *certiorari* of these proceedings of the board of elections, which tribunal is located at Nashville, and the writs of *certiorari* and *supersedeas* will issue from this court as prayed by the board of elections and the petition of the removed officers filed in the circuit court of Shelby County will be dismissed.