GILMORE HOLDING CORPORATION *v.* STOKES, COM'R OF FINANCE AND TAXATION.

(*Nashville*, December Term, 1940.)

Opinion filed June 14, 1941.

JOHN B. SNOWDEN, II, ALLAN DAVIS, and COOPER TURNER, JR., all of Memphis, for appellant.

ROY H. BEELER, Attorney-General, and W. F. BARRY and HARRY PHILLIPS, Assistant Attorneys-General, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

Chapter 100, Public Acts 1937, imposes a tax of fifteen cents on the one hundred dollars, or major fraction thereof, of the issued and outstanding stock, surplus and undivided profits of a corporation for the privilege of doing business in corporate form in Tennessee. It is provided by the Act that the tax imposed shall in no case be less than the actual value of the real and tangible personal property owned or used by such corporation in this State. The Act requires that every corporation liable for the tax imposed, on or before July 1 of each year, file with the Commissioner of Finance and Taxation on such forms as he may prescribe, an accurate and complete report, verified by oath, containing the data specified in section 4 thereof. The payment of the tax is required to be made at the time the sworn report is filed. It is made the duty of the Commissioner of Finance and Taxation to examine every sworn report as promptly as possible ''and shall ascertain whether the tax payment which accompanies such report is the amount actually and lawfully owing by the taxpayer. If the payment tendered is insufficient, the Commissioner of Finance and Taxation *shall determine the correct tax due* and shall immediately notify the taxpayer of the balance due, together with any interest and penalty thereon.'' (Italics ours.)

The Gilmore Holding Corporation, complainant here, a Tennessee corporation with principal office in Memphis, Tennessee, and engaged in the business of owner and operator of an apartment hotel, duly filed its report for the privilege of doing business from July 1, 1937, to June 29, 1938, in accordance with the requirements of Chapter 100, Public Acts 1937, and computed the tax due by it to

be $313.50, which it paid. The Commissioner of Finance and Taxation, however, computed the tax due by complainant to be $646.50 and declared a deficiency of $333, with penalties to the amount of $46.62, plus interest of $14.98, or a total of $394.60, and demanded payment of the same. Complainant paid the amount demanded, under protest, and filed its bill herein to recover the same as specifically authorized by section 6 of the Act in question and in accordance with section 1790 *et seq.* of the Code.

The Commissioner of Finance and Taxation measured the tax upon the basis of the actual cash value of the complainant's real and tangible personal property as shown by its books, which book valuation was shown in the sworn report, less depreciation allowed, at $430,973. The valuation placed upon these properties by the county assessor was $209,000.

The single question presented for determination is whether the Commissioner of Finance and Taxation had the right under the Act in question to measure the tax on the basis of the cash value of the real and tangible personal properties of complainant as shown by its books. The contention of complainant is that the tax should have been measured by the assessed value placed upon these properties by the county assessor.

The chancellor dismissed the bill and complainant has appealed to this court and assigned errors which, taken together, make the question above stated.

Under section 4 of the Act, the Commissioner of Finance and Taxation is granted full power to adopt reasonable rules and regulations as he may deem necessary to enforce the collection of the tax. Such rules to be first approved by the Attorney General of the State. Printed on the back of the form of report promulgated

by the Commissioner appear thirteen rules or regulations, approved by the Attorney General. Rule 7 directs that "the cash value and the assessed value of both real and tangible personal property located in this state" be inserted in the report. This complainant did.

The actual value of the real and tangible personal property as shown by its books and report is not questioned by complainant in its bill filed herein. The Act specifically provides that, "The measure of the tax hereby imposed shall in no case be less than the actual value of the real and tangible personal property . . ." in this State, owned or used by the taxpayer. There is nothing in the Act requiring the Commissioner of Finance and Taxation to adopt the *assessed* value of such property as the measure of the tax.

In our opinion, where the book value of the taxpayer's real and tangible personal property exceeds both the value of capital stock surplus and undivided profits and the county *ad valorem* assessment of such property, and the taxpayer produces no evidence that the book value is in excess of actual value, the Commissioner is justified in adopting the book value as the actual value and measure the tax thereby.

Section 6 of the Act is, in part, as follows:

"Whenever any corporation conceives that any tax demanded by the Commissioner of Finance and Taxation under the supposed authority of this Act is illegal or not due it shall be the duty of the corporation to pay the tax and to challenge the legality or correctness thereof in a suit instituted in accordance with Section 1790, *et seq.*, of the Code of Tennessee. In such suit for the recovery of a tax paid all questions of law and fact with reference to the illegality of the tax may be raised."

Under the above provision an opportunity is afforded,

and a remedy granted, to a taxpayer to challenge the assessment made by the Commissioner upon all questions of law and fact with reference to the illegality of the tax imposed. If the actual cash value of the real and tangible personal property of complainant was not in truth and fact as represented by complainant, it could have so alleged in its bill herein and had that question determined by the court. This it did not do. On the contrary, it plants itself on the proposition that the value placed on the property by the county assessor should have governed the measure of the tax. While the Act prohibits the taxpayer from insisting that the assessed value is greater than the actual value thereof, the converse is not true because the Act provides that the measure of the tax imposed shall in no case be less than the actual value of the property.

We find no merit in the assignments of error, and the decree of the chancellor is affirmed. Complainant will pay the costs of this appeal.