LYONS *v.* LAY *et al.*

(*Knoxville,* September Term, 1942.)

Opinion filed December 5, 1942.

John M. McCloud and Walton Perkins, both of La-Follette, for plaintiff in error.

Roy H. Beeler, Attorney-General, William F. Barry, Solicitor-General, and Harry Phillips, Assistant Attorney-General, for defendants in error.

Mr. Justice Prewitt delivered the opinion of the Court.

The plaintiff in error, Morris Lyons, doing business as Lyons Sanitary Grocery, refused to pay the tobacco tax on certain tobaccos held by him.

The Commissioner of Finance and Taxation at Nashville issued a distress warrant, which was placed in the hands of the defendant in error Lay, Sheriff of Campbell County, who turned it over to Alex Henegar, a deputy, who executed same by levying upon one pair of Dayton Meat Scales and one pair of Dayton Candy Scales be-

longing to Lyons and threatened to sell same to satisfy the distress warrant. The latter then paid the sum of $187.72, the amount of the tax and costs. The money was forwarded to the Commissioner of Finance and Taxation, and Lyons in his declaration in the Circuit Court of Campbell County averred that the ''Commissioner of Finance and Taxation for the State of Tennessee wrongfully holds $187.72 of the funds of this plaintiff which should be returned to him.''

Following the filing of this declaration service of process was had upon the Sheriff and Deputy Sheriff of Campbell County. A counterpart summons was issued from Campbell County to Davidson County and service of process was had upon the Commissioner of Finance and Taxation under the counterpart summons.

The defendant in error McCanless, Commissioner of Finance and Taxation, demurred to the declaration, which demurrer was sustained by the trial court, and Lyons duly appealed. The only question for determination is whether the Circuit Court of Campbell County had any jurisdiction, and whether the suit to recover the above amount should have been instituted in Davidson County.

The pertinent sections of the Code are as follows:

''Sec. 1790. Taxpayer must pay his taxes, but may protest.—In all cases where not otherwise provided in which an officer, charged by law with the collection of revenue due the State, shall institute any proceeding, or take any steps for the collection of the sum alleged or claimed to be due, by said officer, from any citizen, the person against whom the proceeding or step is taken shall, if he conceives the same to be unjust or illegal, or against any statute or clause of the constitution of the State, pay the same under protest.

"Sec. 1791. Comptroller to be notified.—Upon his making such payment, the officer or collector shall pay such revenue into the state treasury, giving notice at the time of payment to the comptroller that the same was paid under protest.

"Sec. 1792. The person paying said revenue may, at any time within thirty days after making said payment, and not longer thereafter, sue the said officer having collected said sum, for the recovery thereof."

Plaintiff in error claims that the words "collecting officer" in this case means the sheriff and his deputy, while defendants in error insist that these words mean the Commissioner of Finance and Taxation.

The tobacco tax imposed by Chapter 133 of the Public Acts of 1937, as amended, is a State tax.

The payment under the protest statute is applicable in every case, even though in particular instances it may work a hardship. *Fort* v. *Dixie Oil Co.*, 170 Tenn., 183, 93 S. W. (2d), 1260; Id., 170 Tenn., 464, 95 S. W. (2d), 931.

A tax suit against a collecting officer, though nominally against the officer, is a suit against the State and can be maintained only in the manner and form consented to by the State. *Automobile Sales Co.* v. *Johnson,* 174 Tenn., 38, 122 S. W. (2d), 453, 120 A. L. R., 370.

The defendants in error rely upon the principle as applied by this Court in the case of *McKee* v. *Board of Elections,* 173 Tenn., 269, 117 S. W. (2d), 752, the State Board of Elections having removed three election commissioners in Shelby County and appointed others in their places. The removed officials filed a petition in the Circuit Court of Shelby County for *certiorari* and *supersedeas* to review and stay the order of the State Board of Elections.

This Court held, speaking through Chief Justice GREEN, that the Circuit Court of Shelby County had no jurisdiction to entertain such a suit; that under the statute creating the Board of Elections the official office and residence of the Board was declared to be at Nashville, Davidson County. To the same effect is the case of *City of Nashville* v. *Webb;* 114 Tenn., 432, 85 S. W., 404.

Now, in the instant case the sheriff and his deputy are not necessary or proper parties to the case. They are simply charged with the legal duty of executing distress warrants placed in their hands. They have no power or jurisdiction to undertake to determine whether the tax is lawfully due or whether the Commissioner of Finance and Taxation was justified in issuing the warrant. They have no control over the revenues received by them through the execution of process, but can merely make remittance to the collecting officer, the Commissioner of Finance and Taxation, who in turn deposits same in the State treasury as required by Code, section 1790 et seq.

The declaration in the instant case charges that the funds sought to be recovered are being seized and held by the Commissioner of Finance and Taxation and not by the officers of Campbell County.

In the Hall Income Tax Law it is expressly provided that suits for the recovery of income taxes may be brought at the residence of the taxpayer, Section 8-A, Ch. 20, Public Acts 1931, 2nd Ex. Sess. We are of the opinion that all cases except those arising under the Income Tax Law and under the first section of the General Revenue Act, Art. II, Sec. 1, Ch. 108, Public Acts of 1937, must be brought against the Commissioner of Finance and Taxation in the courts of Davidson County. This has become the procedure in this State. *Baker* v. *Mc-*

*Canless,* 177 Tenn., 571, 151 S. W. (2d), 1082; *Knoxtenn Theatres* v. *McCanless,* 177 Tenn., 497, 151 S. W. (2d), 164; *Gilmore Holding Corporation* v. *Stokes,* 177 Tenn., 561, 151 S. W. (2d), 1079; *Royal Crown Bottling Company of Knoxville* v. *Stokes,* 177 Tenn., 117, 146 S. W. (2d), 838; *McGill & Daugherty* v. *Kefauver,* 175 Tenn., 667, 137 S. W. (2d), 279; *Marion County River Transportation Co.* v. *Stokes,* 173 Tenn., 347, 117 S. W. (2d), 740; *Union Planters Bank & T. Co.* v. *Beeler,* 172 Tenn., 317, 112 S. W. (2d), 11; *Memphis Dock & Forwarding Co.* v. *Fort,* 170 Tenn., 109, 92 S. W. (2d), 408.

We are, therefore, of opinion that the suit in question was improperly instituted in Campbell County and should have been commenced in Davidson County.

It results that the judgment of the lower court will be affirmed.