HUGH J. RONEY

*v.*

W. W. LUTTRELL, Com'r, et al.

(*Jackson*, April Term, 1956)

Opinion filed April 27, 1956.

Rehearing Denied July 20, 1956.

C. W. MILES, III, R. D. FRY and MILES & MILES, Union City, for appellant.

GEORGE F. McCANLESS, Attorney General, ALLISON B. HUMPHREYS, Solicitor General, MILTON P. RICE, Assistant Attorney General, and JAMES M. GLASGOW, Assistant Attorney General, for appellees.

MR. JUSTICE SWEPSTON delivered the opinion of the Court.

There is only one question in this case and that is whether an order of the Commissioner of Safety revoking a driver's license and automobile registration pursuant to the Tennessee Financial Responsibility Law is reviewable only by a petition addressed to the Chancery Court of Davidson County in accordance with Williams 1932 Code, Section 2715.50 as amended by the Acts of 1951, Chapter 206, Sec. 2, T.C.A. sec. 59-1202, subd. (b) which Section provides as follows:

"Any person aggrieved by an order or act of the Commissioner under the provisions of this chapter may, within ten (10) days after notice thereof, file a petition in the chancery court of the county of Davidson for a trial de novo to determine whether such order or act is lawful and reasonable. The filing of such a petition shall not suspend the order or act of the commissioner."

It is the insistence of the appellent Roney that he was entitled to proceed under Williams Code Section 2715.25 as amended by Code Supplement of 1950 Section 2715.20, T.C.A. sec. 59-713(f) which reads as follows:

"Any person denied a license, or whose license has been canceled, suspended or revoked, except where such cancellation or revocation is mandatory, shall have the right to file petition for *certiorari* and *supersedeas* within sixty (60) days thereafter, for a hearing in the circuit court of the county wherein such person shall reside, which court is hereby vested with the jurisdiction to hear and determine the said controversy, subject to the limitations of this chapter."

The facts briefly are that Roney on August 14, 1954 while driving his pickup truck was involved in an accident in Union City, Obion County, with an automobile owned by Ralph Rice, Jr., a non-resident. Following the accident both parties submitted accident reports to the Commissioner of Safety as required by law. Rice submitted proof of his financial responsibility in the form of liability insurance but Roney did not submit proof of insurance coverage or other financial responsibility. It is stated in his petition to the Circuit Court to be referred to hereinafter that he, nevertheless, received a settlement from the insurance company covering Rice's car and that no demand had been made on Roney for any damages since that time.

The Commissioner revoked Roney's license under the Financial Responsibility Laws, whereupon Roney filed a petition in the Circuit Court of Obion County for *certiorari* and *supersedeas,* proceeding under the second of the above quoted Code sections. On a motion to dismiss filed by the Department of Safety the Circuit Court dismissed Roney's petition and he has appealed.

A very appealing argument is made in behalf of Roney that these two sections of the Code should be construed as complementary to one another, giving the petitioner

the alternative right to proceed either by petition for *certiorari* and *supersedeas* to the Circuit Court or by petition filed in the Chancery Court of Davidson County for a trial *de novo* to determine whether the order of the Department is lawful and reasonable. It is said that the poor man should be afforded the remedy of having the action of the Department reviewed on his home ground in the county where the petitioner resides.

In spite of the merits of this suggestion we are unable, nevertheless, to accept the petitioner's insistence because the section of the Code that he relies on is a part of the Chapter relating only to the issuance, suspension, and revocation of the licenses of operators and chauffeurs, whereas the Financial Responsibility Law relates not to the issuance but to the revocation not only of licenses but of the motor vehicle registration and of the license plates on the vehicle. In the instant case the Commissioner of Safety revoked not only the operator's license but also revoked the registration certificates and plates. We are, therefore, of opinion that petitioner could proceed only under the first above quoted section by filing a petition in the Chancery Court of Davidson County, the residence of the Commissioner.

The brief in behalf of the Commissioner also points out that the petitioner could not proceed on *certiorari* otherwise in lieu of appeal because the revisory power of the higher court is limited to the correction of errors of tribunals located within the territorial jurisdiction of the appellate body, citing *McKee v. Board of Elections*, 173 Tenn. 269, 117 S.W.2d 752. So it would follow that petitioner, if proceeding outside of this

statute for *certiorari* in lieu of an appeal, would still have to file his petition in Davidson County.

■ The only other question raised by the appeal is the allegation that the Commissioner filed a plea in abatement which was not sworn to. There is no merit in this for several reasons but the only statement necessary in response to this is that the pleading was filed under the alternative denomination of a motion to dismiss or plea in abatement and the order of the Circuit Court shows that it was treated by that court as a motion to dismiss.

The action of the lower court is affirmed with costs against the appellant.