Delta Loan & Finance Co. of Tenn., Inc.

*v.*

John R. Long, Jr., Commissioner.

(*Nashville,* December Term, 1959.)

Opinion filed March 11, 1960.

Petition to Rehear denied April 6, 1960.

Second Petition to Rehear denied May 4, 1960.

See 337 S.W. 2d 606.

Jack Wilson and James M. Glasgow, Assistant Attorneys General, for petitioner.

Thomas J. Griffin and James A. Crislip, Memphis, for respondent.

MR. JUSTICE FELTS delivered the opinion of the Court.

The Delta Loan & Finance Company of Tennessee, Inc., located in Memphis, is a loan and thrift company, operating under our statutes regulating the conduct of such companies (T.C.A. secs. 45-2001—45-2015).

On October 7, 1959, John R. Long, Jr., Commissioner of the Department of Insurance and Banking, State of Tennessee, under authority of the statute (T.C.A. sec. 45-2014), issued an order upon that Company to cease and desist its violations of the statutes, particularly the section (T.C.A. sec. 45-2010) which prohibits such companies making any loan for a longer period than three years.

The Company, on October 30, 1959, filed a petition against Commissioner Long in the Chancery Court, Part I of Shelby County, asking that court to issue the writs

of certiorari and supersedeas, to review, reverse, and supersede the Commissioner's order of October 7; the principal prayer of the petition being as follows:

"That this cause be heard *de novo* and that upon the hearing hereof, this Honorable Court permanently decree that said cease and desist order is illegal and that the defendant be required to vacate said order."

The Commissioner filed a motion in that court to quash the writ of certiorari and dismiss the petition upon the ground that the court had no jurisdiction of the matter. The court overruled the motion.

The Commissioner filed his petition in this Court for the writs of certiorari and supersedeas to that court to reverse and supersede its action, upon the ground that, since his official residence is fixed by law at Nashville, Davidson County, and the matter complained of was an official order issued at such residence, the Chancery Court of Shelby County had no jurisdiction of the matter.

We think the Commissioner's petition must be sustained and the relief prayed, granted.

Petitioner, as stated, is Commissioner of the Department of Insurance and Banking, State of Tennessee, and is thus the head of a department of our State Government. T.C.A. secs. 4-301—4-315. The statute (T.C.A. sec. 4-404) provides:

"Each department shall maintain a central office at the capitol, which shall be the official residence of each commissioner, or head of department. The commissioner of each department may in his discretion and with the approval of the governor, establish and main-

tain at places other than the seat of government, branch offices for any one or more functions of his department.''

Thus, while this permits the maintenance of branch offices at other places than at the seat of government, it locates each department, and fixes the commissioner's official residence, at the capitol in Nashville, Davidson County. The *situs* of such department and official residence, is therefore, local like that of a municipal corporation. *Cf. Nashville v. Webb,* 114 Tenn. 432, 85 S.W. 404, and cases there cited.

Though the statutes make some exceptions not here material, the rule is that a commissioner or head of a department of state government may be sued as such only in the county of his official residence; and a number of cases have held that such a suit may not be maintained as a transitory action in another county. *Lyons v. Lay,* 179 Tenn. 388, 166 S.W.2d 778; *Deaton v. Evans,* 192 Tenn. 348, 241 S.W.2d 423; *Roney v. Luttrell,* 200 Tenn. 403, 292 S.W.2d 411.

We think that rule applies in this case. The Company sought in the Chancery Court of Shelby County a writ of certiorari to have the Commissioner's order reviewed or ''heard *de novo''*; that is, the statutory writ of certiorari in lieu of an appeal, not the common-law writ of certiorari. *Williams v. Southern Bell Tel & Tel. Co.,* 164 Tenn. 313, 316, 47 S.W.2d 758; *McKee v. Board of Elections,* 173 Tenn. 269, 272, 117 S.W.2d 752, 753.

In the McKee case, supra, *the statutory writ of certiorari in lieu of appeal* was sought in the Circuit Court of Shelby County, to review an order of the Board of Elections, whose *situs* was at the capitol in Nashville,

Davidson County. It was held that the courts in Shelby County had no jurisdiction to grant this statutory writ to review the action of the Board, since its *situs* was not in Shelby County. This holding was based on this rule:

"The revisory power of a higher court is limited to the correction of errors of tribunals located within the territorial jurisdiction of the appellate body. *It is the situs of the lower tribunal, and not the residence of the parties, that points out the proper appellate tribunal*" (italics ours). 173 Tenn. 272, 117 S.W.2d 754.

In the McKee case, this Court referred to the statutes (1932 Code secs. 9008 et seq. [now T.C.A. sec. 27-901 et seq.]), providing for a review of actions of boards, etc., by chancery and circuit courts by certiorari, and providing the petition therefor may be filed in "any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office"; and the Court held that these provisions did not apply to the statutory writ of certiorari in lieu of an appeal; that such a case was governed not by these provisions but by the rule above quoted.

 Respondent Company invokes these provisions of the statute, as supporting its right to certiorari in the Chancery Court of Shelby County, the county in which it has its principal office. As we have seen, such an argument was rejected by this Court in the McKee case; and we think what was there said is a sufficient answer here.

Respondent also seeks to distinguish the McKee case on the ground that the statute (ch. 2, sec. 7, Acts 1937; Third Extra Session) provided that the Board's action "shall not be subject to review by any other body or tribunal under section 9008 of the Code or otherwise."

While the Court referred to this quoted provision, its opinion shows that the basis of its decision was that, apart from such provision, Code secs. 9008 et seq. did not apply to a statutory certiorari in lieu of an appeal, but that such a case was governed by the rule above quoted.

The principle applied in the McKee case has been approved in later cases. In *Lyons v. Lay,* supra, the Court, referring to the McKee case, pointed out that the Court had there held that the Circuit Court of Shelby County had no jurisdiction to grant certiorari to review the action of the Board, because "under the statute creating the Board of Elections the official office and residence of the Board was declared to be at Nashville, Davidson County. To the same effect is the case of *City of Nashville v. Webb,* 114 Tenn. 432, 85 S.W. 404." [179 Tenn. 388, 166 S.W.2d 779.]

In *City of Nashville v. Webb,* supra, it was held that, since the *situs* of a municipal corporation is local, it cannot be sued in another county in a transitory action for personal injuries; that the court of such other county has no jurisdiction of such a suit.

In *Roney v. Luttrell,* supra, a petition for certiorari and supersedeas was filed in Obion County against the Commissioner of Safety, to review the latter's action in revoking petitioner's license for his truck under the Financial Responsibility Law, T.C.A. sec. 59-1201 et seq. The Court, construing the applicable statutes, held that the Circuit Court of Obion County had no jurisdiction of the petition, and that exclusive jurisdiction of it was in "the Chancery Court of Davidson County, the residence of the Commissioner"; and the Court cited the McKee case approvingly.

For these reasons, a decree will be entered here granting to the Commissioner the writs of certiorari and supersedeas as prayed, discharging the writ issued by the Chancery Court of Shelby County and dismissing the proceedings therein. The costs of the cause are adjudged against respondent Delta Loan & Finance Company of Tennessee. Inc., and the sureties on its cost bond.

## On Petition to Rehear

FELTS, JUSTICE.

Delta Loan & Finance Company of Tennessee, Inc., has filed an earnest petition to rehear, and learned counsel for it have made an able argument. It is, however, only a reargument of matters already thoroughly argued by counsel, and considered and determined by us.

The petition points out no matter of law or fact overlooked but only reargues matters which counsel say were erroneously decided by us after argument and full consideration.

"The office of a petition to rehear is to call the attention of the court to matters overlooked, not to those things which the counsel supposes were improperly decided after full consideration" (*Louisville & N. Railroad Co. v. United States Fidelity & Guaranty Co.,* 125 Tenn. 658, 691, 148 S.W. 671, 680. *Gulf, M. & O. R. Co. v. Underwood,* 182 Tenn. 467, 476, 187 S.W.2d 777, 780; *Colbaugh v. State,* 188 Tenn. 103, 112, 216 S.W. 2d 471.)

The petition to rehear is denied at petitioner's cost.

## On Second Petition to Rehear

The Delta, Loan & Finance Company of Tennessee, Inc., has filed a second petition to rehear, asserting that our decision denied it its day in court and deprived it of due process under the Constitutions of the United States and of Tennessee.

Petitioner sought a review of the official action of respondent, as head of a department of our State Government, located at the Capitol, whose official situs and residence is in Davidson County. Petitioner could have had its day in court and pursued its remedy of review by suing the Commissioner in the county of his official residence.

Instead, petitioner filed against respondent in Shelby County a petition for the statutory writ of certiorari, for a review "de novo" of the official action of respondent Commissioner, whose situs is in Davidson County. Under the rule long established by our decisions, this statutory writ of certiorari could be maintained only in the county of the situs of respondent, as the tribunal or board whose action was sought to be reviewed. *McKee v. Board of Elections,* 173 Tenn. 269, 272-273, 117 S.W.2d 752, and the numerous cases these cited.

We think petitioner had no constitutional right to have this long-established rule overruled for its benefit and that in following that rule, we did not deny petitioner any constitutional right.

The second petition to rehear is overruled at petitioner's cost.