JAMES R. CHAMBERLAIN et al.

*v.*

STATE ex rel. SCOTT N. BROWN.

387 S.W.2d 816.

(*Knoxville,* September Term, 1964.)

Opinion filed March 4, 1965.

GEORGE F. McCANLESS, Attorney General, EDGAR P. CALHOUN, Assistant Attorney General, for James R. Chamberlain and others.

SCOTT N. BROWN, pro se.

Mr. Justice Dyer delivered the opinion of the Court.

Scott N. Brown filed this suit for a writ of mandamus to require the Tennessee Real Estate Commission to renew his license as a real estate broker. The Tennessee Real Estate Commission filed a demurrer and appeal from the action of the Chancellor in overruling four of the five grounds of said demurrer. In this opinion the parties will be referred to as they were in the trial court, that is complainant and defendants.

One of the assignments of error of the defendants is as follows:

"That the Chancellor erred in overruling ground No. 4 of defendants' demurrer by holding that the Tennessee Real Estate Commission may be sued in its official capacity as such in any county wherein one of the members maintains a personal residence."

The defendants are sued in their official capacity. One of the defendants is a resident of Hamilton County and was served with process in this County, permitting the other defendants to be served with counterpart process.

The statutes (T.C.A. sec. 62-1301 et seq.) creating this Commission are silent in regard to the official residence or situs of said Commission. T.C.A. sec. 4-315 makes this Commission a part of one of the divisions of the Department of Insurance and Banking. In *Delta Loan and Finance Co. v. Long,* 206 Tenn. 709, 336 S.W.2d 5, Mr. Justice Felts speaking for the Court said:

"Petitioner, as stated, is Commissioner of the Department of Insurance and Banking, State of Tennessee, and is thus the head of a department of our State Government. T.C.A. secs. 4-301—4-315. The statute (T.C.A. sec. 4-404) provides:

" 'Each department shall maintain a central office at the capitol, which shall be the official residence of each commissioner, or head of department. The commissioner of each department may in his discretion and with the approval of the governor; establish and maintain at places other than the seat of government, branch offices for any one or more functions of his department.'

"Thus, while this permits the maintenance of branch offices at other places than at the seat of government, it locates each department, and fixes the commissioner's official residence, at the capitol in Nashville, Davidson County. The situs of such department and official residence, is therefore, local like that of a municipal corporation. Cf. *Nashville v. Webb,* 114 Tenn. 432, 85 S.W. 404, and cases there cited.

"(1) Though the statutes makes some exceptions not here material, the rule is that a commissioner or head of a department of state government may be sued as such only in the county of his official residence; and a number of cases have held that such a suit may not be maintained as a transitory action in another county. *Lyons v. Lay,* 179 Tenn. 388, 166 S.W.2d 778; *Deaton v. Evans,* 192 Tenn. 348, 241 S.W.2d 423; *Roney v. Luttrell,* 200 Tenn. 403, 292 S.W.2d 441.

"(2) We think that rule applies in this case. The Company sought in the Chancery Court of Shelby County a writ of certiorari to have the Commissioner's order

reviewed or 'heard de novo'; that is, the statutory writ of certiorari in lieu of an appeal, not the common-law writ of certiorari. *Williams v. Southern Bell Tel. & Tel. Co.*, 164 Tenn. 313, 316, 47 S.W.2d 758; *McKee v. Board of Elections*, 173 Tenn. 269, 272, 117 S.W.2d 752, 753.

"(3) In the McKee case, supra, the statutory writ of certiorari in lieu of appeal was sought in the Circuit Court of Shelby County, to review an order of the Board of Elections, whose situs was at the capitol in Nashville, Davidson County. It was held that the courts in Shelby County had no jurisdiction to grant this statutory writ to review the action of the Board, since its situs was not in Shelby County. This holding was based on this rule:

" 'The revisory power of a higher court is limited to the correction of errors of tribunals located within the territorial jurisdiction of the appellate body. It is the situs of the lower tribunal, and not the residence of the parties, that points out the proper appellate tribunal' (italics ours) 173 Tenn. 272, 117 S.W.2d 754.''

T.C.A. sec. 23-2003 makes a writ of mandamus against a public official returnable in the county where the office is kept. The situs and office of the Department of Insurance and Banking is in Davidson County. This would be true of each division thereof there being no statutes to the contrary.

It results the Chancellor was in error in overruling the fourth ground of defendants' demurrer and said ground is sustained and the cause dismissed.