TENNESSEE REAL ESTATE COMMISSION, Petitioner,

*v.*

WILLIAM F. POTTS and John Paul Lewis, Respondents.

428 S.W.2d 794.

(*Knoxville,* September Term, 1967.)

Opinion filed May 24, 1968.

GEORGE F. McCANLESS, Attorney General, and PAUL E. JENNINGS, Assistant Attorney General, Nashville, for petitioner.

JAMES G. NAVE, Cleveland, for respondents.

MR. JUSTICE CRESON delivered the opinion of the Court.

This case involves a determination of the proper procedure to be followed in seeking review of a ruling by the Tennessee Real Estate Commission. For the purpose of this opinion, the respondents, petitioners below, William F. Potts and John Paul Lewis, will be referred to as the petitioners; and the petitioner, respondent below, Tennessee Real Estate Commission, will be referred to as the Commission.

On July 6, 1967, the Tennessee Real Estate Commission after a full and complete hearing, revoked the real estate broker's license of petitioner Potts and the real estate salesman's license of petitioner Lewis, pursuant to the authority given the Commission under Chapter 13 of Title 62 of Tennessee Code Annotated. The proceedings were had and the order of revocation was issued at

the offices of the Commission at Nashville, Davidson County, Tennessee.

On July 27, 1967, the petitioners sought a review of the Commission's findings by petition for writ of certiorari and supersedeas filed in the Chancery Court of Bradley County, Tennessee, the county of residence of both petitioners. That Court granted the writs and ordered the Commission to forward a transcript of the Commission proceedings to the Chancery Court of Bradley County for its review. In response, the Commission filed a motion to dismiss on the ground that the Chancery Court of Bradley County was without jurisdiction to issue the writs of certiorari and supersedeas, and to entertain the petition. That motion was overruled.

Thereafter, the Commission filed a petition for writ of certiorari and supersedeas in this Court, on the ground that the action of the Chancery Court of Bradley County was erroneous, illegal and void.

The pivotal question for decision by this Court is whether a party aggrieved by order of the Real Estate Commission has the right to seek review by writ of certiorari and supersedeas in the Chancery Court of the County of the aggrieved party's residence; or, whether that review lies only in the Chancery or Circuit Court of Davidson County, Tennessee, the situs and legal residence of the commission.

The Tennessee Real Estate Commission is a state regulatory board, organized as a division of the Department of Insurance and Banking. T.C.A. sec. 4-315. The situs of the Commission at which all official acts originate is Davidson County. *Chamberlain v. State ex rel. Brown* (1965) 215 Tenn. 565, 387 S.W.2d 816. The creation,

composition, duties and powers of the Board are set forth in Chapter 13 of Title 62 of Tennessee Code Annotated.

In conducting the hearing and revoking the licenses of the petitioners, the Commission was proceeding under T.C.A. sec. 62-1326. Likewise, in seeking a review of that decision, the petitioners were proceeding under that part of sec. 62-1326 which states:

> "If the commission shall determine that said licensee is guilty under the provisions of this chapter his or its license may be suspended or revoked; and in the event of such adverse decision the accused shall have the right to have the action of the board reviewed as provided under chapter 9 of title 27."

Chapter 9 of Title 27, referred to above, provides for review of any final order or judgment of any Board or Commission in the manner provided by Chapter 9. In this case, petitioners sought a review of their case in the Chancery Court of Bradley County, pursuant to T.C.A. sec. 27-902, which is:

> "27-902. *Filing and contents of petition*—Such party shall, within sixty (60) days from the entry of the order or judgment, *file a petition of certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside,* or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review. (Code 1932, sec. 9008.)" (Emphasis added.)

That Court agreed with petitioners that this case was controlled by the above statutory provisions; and thus, that it had jurisdiction over the proceedings.

The Commission takes the position that T.C.A. sec. 27-902 is not to be applied in the present case. It insists that the applicable procedure is set forth in *McKee v. Board of Elections* (1938) 173 Tenn. 269, 117 S.W.2d 752, and *Delta Loan & Finance Co. of Tenn., Inc. v. Long* (1960) 206 Tenn. 709, 336 S.W.2d 5, 337 S.W.2d 606. It further urges that the Chancery Court of Bradley County did not have subject matter jurisdiction over this case, since (1) T.C.A. sec. 27-902 does not enlarge jurisdiction and (2) the proceeding in question is local in nature.

In *McKee v. Board of Elections,* supra, the Election Commissioners of Shelby County filed a petition for certiorari and supersedeas to review orders of the Board of Elections which removed them from office. The writs were granted by the Shelby County Circuit Court and the State Board of Elections petitioned this Court for certiorari and supersedeas. This Court held that the Circuit Court of Shelby County was without jurisdiction to undertake a review by certiorari of the proceedings of the Board of Elections, which was located at Nashville. It was stated:

"(1) The revisory power of a higher court is limited to the correction of errors of tribunals located within the territorial jurisdiction of the appellate body. It is the *situs* of the lower tribunal, and not the residence of the parties, that points out the proper appellate tribunal. We shall presently refer to section 9008 of the Code. It is enough in this connection to say that this section of the Code has no application to the matter before us."

The ruling in *McKee v. Board of Elections,* supra, has been followed in several cases, none of which requires discussion here, with the exception of *Delta Loan & Finance Co. of Tenn., Inc. v. Long,* supra. In this latter case, Delta Loan & Finance Co., petitioned for writs of certiorari and supersedeas in the Chancery Court of Shelby County to review and reverse an order of the Commissioner of the Department of Insurance and Banking. The Shelby County Chancery Court overruled the Commissioner's motion to quash the writ and dismiss the petition; whereupon, the Commissioner filed a petition in this Court for writs of certiorari and supersedeas. Although the Delta Loan & Finance Co. was proceeding under T.C.A. sec. 27-901 et seq., this Court held that those provisions did not apply to that cause. The Court stated that the review could be sought only at the situs of the Commissioner in Nashville, Davidson County. The Court expressly relied on the language quoted from *McKee v. Board of Elections,* supra, that the *situs* of the lower tribunal, and not the residence of the parties, points out the proper appellate tribunal.

*McKee v. Board of Elections,* supra, *Delta Loan & Finance Co. of Tenn., Inc. v. Long,* supra, and other similar cases, have held that sec. 27-901 et seq., are not applicable to review actions of the particular Board or Commission there in issue. In the present case, the Legislature has made sec. 27-901 et seq., an appropriate proceeding to be followed in reviewing decisions of the Real Estate Commission. Nevertheless, no attempt was there made by the Legislature to change the application of those sections as made by prior decisions. Many of these decisions of this Court hold that sec. 27-901 et seq., do not enlarge or diminish the scope of review by certiorari,

but, rather, that the chapter merely describes procedure. *Real Estate Comm. v. McLemore.* (1957) 202 Tenn. 540, 306 S.W.2d 683; *Hoover Motor Express Co., Inc. v. Railroad & Pub. Util. Comm.* (1953) 195 Tenn. 593, 261 S.W. 2d 233; *McKee v. Board of Elections,* supra.

In our opinion, sec. 27-902, quoted supra, merely fixes permissible venue for review of Boards and Commissions. It does not have the effect of giving the trial court of any county wherein the party affected may have residence subject matter jurisdiction over the review of a Board or Commission exclusively located elsewhere. That section merely specifies the courts where the writ might be sought if other jurisdictional requirements are met.

This Court has held that a suit against a Commissioner, or head of a department of state government having official residence, is not transitory and must be maintained in the county of that official residence. *Delta Loan & Finance Co. of Tenn., Inc. v. Long,* supra; *Chamberlain v. Brown,* supra. The official residence or situs of the Real Estate Commission is fixed in Davidson County. The action complained of here of revoking licenses occurred only at the official residence of the Commission. Thus, only the courts of Davidson County are invested with the necessary subject matter jurisdiction to review the decisions of the Tennessee Real Estate Commission.

The petition of the Commission filed here is granted. The action of the Bradley County Chancery Court, in assuming jurisdiction is reversed; and the motion to dismiss sustained. The costs of this appellate review are

assessed against the petitioners, respondents here, William F. Potts and John Paul Lewis.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.