Elbridge SMITH et al., Appellants,

v.

Robert F. SMITH, Commissioner, Department of Transportation, State of Tennessee, Appellee.

Supreme Court of Tennessee.

Jan. 6, 1975.

J. Reed Dixon, Sweetwater, for appellants.

Milton P. Rice, Atty. Gen., Russell G. Lazenby, Jr., Asst. Atty. Gen., Nashville, for appellee.

## OPINION

HARBISON, Justice.

Plaintiffs began this action in the Chancery Court of Marion County against the defendant, Robert F. Smith, Commissioner of the Department of Transportation of the State of Tennessee in his official capacity. Plaintiffs alleged that they had erected a number of outdoor advertising signs or billboards but that they had been notified by officials of the Department of Transportation in July 1973 that the signs did not conform to the Billboard Regulation & Control Act of 1972, T.C.A. § 54–2601 et seq. Plaintiffs alleged that they were advised that the signs would be removed or destroyed by the department if not removed within 30 days from the date of the warning letter.

In the original complaint plaintiffs alleged that the defendant in effect had offered them no compensation for their signs and that it would be inequitable and unconscionable for him to proceed to destroy their signs, in view of the fact that employees of the department had initially approved their location and had orally assured the plaintiffs that applications for permits to place the signs would be approved. There is no allegation that permits had in fact actually issued as provided by the statutes above referred to.

The original complaint asked that the defendant Commissioner be required to issue

the permits and applications sought by the plaintiffs and that in the interim a temporary restraining order issue to prohibit interference with the plaintiffs in the use of their outdoor advertising.

In an amended complaint, filed approximately five weeks after the initial complaint, plaintiffs sought a declaration and determination from the Chancery Court that the statutes above referred to were being unconstitutionally applied by the defendant and that, in addition, the statutes violated certain state and federal constitutional provisions.

A motion to dismiss was filed on behalf of the defendant upon the ground that he was sued in his official capacity, and that such a suit is required to be filed in Davidson County, the situs of his official residence.

The Chancellor sustained the motion to dismiss, and appellants have appealed to this Court.

Appellee relies upon the provisions of T.C.A. § 4–404 as follows:

"Each department shall maintain a central office at the capitol, which shall be the official residence of each commissioner, or head of department. The commissioner of each department may in his discretion and with the approval of the governor, establish and maintain at places other than the seat of government, branch offices for any one or more functions of his department."

This section has been construed as fixing the situs and official residence of a commissioner or head of a state department as being in Davidson County, and ordinarily to prohibit transitory actions against him in other countries. Delta Loan & Finance Company v. Long, 206 Tenn. 709, 336 S.W.2d 5, 337 S.W.2d 606 (1960); Chamberlain v. State ex rel. Brown, 215 Tenn. 565, 387 S.W.2d 816 (1965).

There is no defendant in the action other than the Commissioner, who, as previously pointed out, is sued in his official capacity. Basically the original complaint seeks a mandatory order from the Chancery Court requiring the Commissioner to issue the permits sought, while the amended complaint seeks a declaration that the controlling statutes are unconstitutional.

Viewed in this light, the action is transitory and falls within the rule of the cases above cited. Appellants seek to distinguish those cases and the well-recognized rule announced therein, on the ground that the actions of the Commissioner, or his representatives, threaten to cause destruction to fixtures located on real estate in Marion County. It is therefore insisted that the action is basically one to enjoin a trespass to real property, and that the action is thereby rendered local in nature.

We do not so construe the complaints. While the end result sought may be an injunction, the basic thrust of the two complaints is either a mandate to the defendant, in his official capacity, to issue certain permits, or a declaration that the statutes controlling the operations of defendant violate certain constitutional provisions. There is no claim that there has been any actual taking of any property of the plaintiffs, or any actual trespass committed.

It is our opinion that the decision of the Chancellor was correct. Appellants ask us, if we so conclude, to order transfer of the action to the Chancery Court of Davidson County, Tennessee. We know of no authority in this state authorizing such a transfer. Dismissal of the action in the Chancery Court of Marion County, and its affirmance here, is a dismissal without prejudice, leaving appellants an appropriate remedy in the proper forum if they desire to pursue it.

The judgment is affirmed at the cost of appellants.

FONES, C. J., and HENRY, COOPER and BROCK, JJ., concur.