**William N. MORRIS, et al.,
Plaintiffs/Appellees,**

v.

**William R. SNODGRASS, et al.,
Defendants/Appellants.**

Court of Appeals of Tennessee,
Western Section,
at Jackson.

Feb. 16, 1993.

Charles W. Burson, Atty. Gen., John Knox Walkup, Sol. Gen., Andy D. Bennett, Associate Chief Deputy Atty. Gen., Nashville, for defendants-appellants.

Brian L. Kuhn, Donnie E. Wilson, Memphis, for plaintiffs-appellees.

TOMLIN, Presiding Judge (Western Section.)

Plaintiffs, William N. Morris, Jr., Mayor of Shelby County; Ronald Bishop, Superintendent of the Shelby County Workhouse; and A.C. Gillis, Shelby County Sheriff, filed a Complaint for Declaratory Judgment in the Chancery Court of Shelby County against William Snodgrass, Comptroller of the Treasury, W. Jeff Reynolds, Commissioner of the Department of Corrections and Charles W. Burson, State Attorney General, ("defendants"), seeking to have that court declare unconstitutional two state statutes, namely T.C.A. § 40-25-129 and 55-10-403.

Defendants filed a motion to dismiss pursuant to Rule 12.02, T.R.C.P., alleging improper venue. The Chancellor denied the motion to dismiss but granted defendants an interlocutory appeal to this court pursuant to Rule 9 T.R.A.P. This court, in turn, granted the interlocutory appeal. The singular issue presented by this appeal is whether the trial court erred in denying defendants' motion to dismiss. We are of the opinion that the trial court's action was in error. Accordingly, we reverse and dismiss.

Plaintiffs' complaint alleged that under Article II, Section 24 of the Tennessee Constitution, T.C.A. § 55-10-403 and § 40-25-129 are unconstitutional. These allegations are based on claims that the state failed to share with Shelby County the proper amount of increased expenditures made by Shelby County as imposed on it by these statutes.

It is defendants' position that as heads of their respective departments of state government, the proper venue for suits against them is in Davidson County, and Davidson County alone. On the other hand, plaintiffs contend that this action against the state defendants is a transitory one; thus the statute governing venue in transitory actions, T.C.A. § 20-4-101(a), controls.

In our opinion, plaintiffs' reliance upon § 20-4-101 is misplaced. T.C.A. § 4-4-104, as interpreted by the courts of this state for many years, establishes venue for suits against state officials such as these defendants in Davidson County. T.C.A. § 4-4-104 reads as follows:

4-4-104. **Department offices.**—(a) Each department shall maintain a central office at the capitol, which shall be the official residence of each commissioner, or head of department.

(b) The commissioner of each department may, in the commissioner's discretion and with the approval of the governor, establish and maintain at places other than the seat of government, branch offices for any one (1) or more functions of the commissioner's department.

The cornerstone to this issue was laid in *Delta Loan and Finance Co. v. Long*, 206 Tenn. 709, 336 S.W.2d 5 (1960). In that case, Delta Loan filed a petition in the Chancery Court of Shelby County after the Commissioner of the Department of Insurance and Banking of Tennessee issued an order to Delta Loan to cease and desist its violation of certain statutes. Delta Loan's petition sought to have the court review and reverse that order. The Commissioner's motion to dismiss for lack of jurisdiction was overruled. On appeal, the Supreme Court cited the statute quoted above. In addition, it considered several earlier Tennessee cases, one of which was *City of Nashville v. Webb*, 114 Tenn. 432, 85 S.W. 404 (1905). The *Delta Loan* court noted:

In *City of Nashville v. Webb, supra*, it was held that, since the *situs* of a municipal corporation is local, it cannot be sued in another county in a transitory action for

personal injuries; that the court of such other county has no jurisdiction of such a suit.

336 S.W.2d at 7.

It then noted that:

The *situs* of such department and official residence is, therefore, local like that of a municipal corporation. C.F. *Nashville v. Webb* (citations omitted).

Though the statutes make some exceptions not here material, the rule is that a commissioner or head of a department of state government may be sued as such only in the county of his official residence; and a number of cases have held that such a suit may not be maintained as a transitory action in another county. (Citations omitted.)

*Id.* at 6.

In the subsequent case of *Chamberlain v. State ex rel. Brown*, 215 Tenn. 565, 387 S.W.2d 816 (1965), Brown filed suit in the Chancery Court for a writ of mandamus against the Tennessee Real Estate Commission, seeking to have his license renewed. The Commission filed a demurrer, which was overruled. On appeal, the Supreme Court noted that the defendants were sued in their official capacity, and that one of the defendants was a resident of Hamilton County. The court further noted that the statutes under which the Commission was created were silent as to its official residence or situs. It further noted that the Commission was a part of one of the divisions of the Department of Insurance and Banking.

In reversing the Chancellor and dismissing the suit, the Court relied upon *Delta Loan* as authority and held:

T.C.A. § 23–2003 makes a writ of mandamus against a public official returnable in the county where the office is kept. The situs and office of the Department of Insurance and Banking is in Davidson County. This would be true of each division thereof, there being no statute to the contrary.

*Id.* 387 S.W.2d at 817.

■ The statute pertaining to venue in transitory actions, T.C.A. § 20–4–101(a) reads as follows:

**20–4–101. Transitory actions.**—(a) In all civil actions of a transitory nature, unless venue is otherwise expressly provided for, the action may be brought in the county where the cause of action arose or in the county where the defendant resides or is found.

(b) If, however, the plaintiff and defendant both reside in the same county in this state, then such action shall be brought either in the county where the cause of action arose or in the county of their residence.

(c) Where the action is brought either in the county where the cause of action arose or in the county where the defendant resides, process may be sent to another county as in local action and it shall not be necessary or required that the defendant be in the county of action either when the action is commenced, or during the time between the commencement of the action and service of process.

A more simplified reason why this statute does not apply to the case under consideration is that, as has already been noted in *Delta Loan*, suits of this nature against the state are not transitory, but are local.

In addition, plaintiff asserts that "T.C.A. § 4–4–104 governs claims arising under the administrative procedures act and merely fixes and defines the official residence of commissioners and heads of the state departments...." Plaintiff cites no authority for this blanket statement. A reading of the Code reveals that T.C.A. § 4–4–104 precedes, but is not incorporated as a part of, the Uniform Administrative Procedures Act (UAPA), codified at T.C.A. §§ 4–5–101 *et seq.* Section 4–4–104 was enacted by the Public Acts of 1937. The UAPA was not enacted until 1974, several years after our Supreme Court decisions in *Delta Loan* and *Chamberlain v. State.* There is nothing in any subsequent case or the UAPA itself to indicate in any way that it sought to abrogate the rules established by these cases. This argument is without merit.

■ We agree with defendants' assertion that even if T.C.A. § 20–4–101 could arguably be applied to these defendants, it is only

a general statute, and that § 4–4–104 is a statute of specific nature, which our Supreme Court has twice interpreted as placing venue for suits against certain state officials in Davidson County. A specific statute prevails over a general one. *Koella v. State ex rel. Moffett,* 218 Tenn. 629, 405 S.W.2d 184, 189 (1966).

For the above-stated reasons, the decree of the Chancellor denying defendants' motion to dismiss is reversed. Plaintiffs' suit is dismissed. Costs in this cause on appeal are taxed to plaintiffs, for which execution may issue if necessary.

CRAWFORD and HIGHERS, JJ., concur.