FORT *v.* DIXIE OIL CO.

SAME *v.* HAMMETT OIL CO.

SAME *v.* HUDSON.

(*Jackson,* April Term, 1936.)

Opinion filed July 3, 1936.

For former opinions, see *Fort* v. *Dixie Oil Co.*, 93 S. W. (2d), 1260; *Fort* v. *Hudson*, 93 S. W. (2d) 1263; *Fort* v. *Hammett Oil Co.*, 93 S. W. (2d), 1264.

RICHARD M. ATKINSON, DANIEL BOONE, JORDAN STOKES, JR., JORDAN STOKES, III, and J. WHITWORTH STOKES, all of Nashville, for appellants *Fort et al.*

NORMAN FARRELL, of Nashville, for appellees.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court

Petitions to rehear are filed in these cases which present with some further elaboration the same contentions submitted on the hearing.

The petitioners continue to insist that the statutory provision permitting them to recover the full amount of a tax illegally exacted of them is not an adequate remedy. As we noted in the original opinions, this court and other courts have quite generally held to the contrary, unless some exceptional circumstances are presented. We find no such exceptional circumstances in the cases before us.

466

■■ It is again urged that the seizure of petitioners' chattels under the distress warrants issued herein will work them irreparable injury.

Where there is a full, complete, and adequate remedy at law for an injury, it is not irreparable. The distress warrants reach nothing but personal property and the personal property here involved, filling station equipment, has merely a commercial value, readily ascertainable.

If this personal property is wrongfully seized by the state and applied to the payment of taxes for which the petitioners are not liable, each of the petitioners has a simple remedy, in a single suit, to recover the value of the property so taken under duress. Code, section 1793 et seq. does not require the payment of the entire amount demanded, as a condition to recovery of taxes wrongfully exacted. Suit lies for the recovery of any sum so paid under duress and protest.

As a practical proposition, it here appears that each of petitioners tendered a bond to the court below in double the value of the property seized. Petitioners, with such financial backing, could certainly raise an amount of money equal to the value of their property, and bid in the same at the sale under the distress warrants and by timely suit recover their money if held not to be liable for the taxes involved.

We are unable to see how the enforcement of the gasoline tax laws, according to our statutes and previous decisions, can work any great hardship on a taxpayer.

The commissioner of finance and taxation, administering this law, is under a heavy bond. Code, sec. 264. If he is guilty of official oppression, he is subject to criminal prosecution and a heavy fine. Code, sec. 11110. Every

official bond executed under the Code is obligatory on the principal and sureties "for the use and benefit of every person who is injured, as well by wrongful act committed under color of his office as by the failure to perform, or the improper or neglectful performance, of the duties imposed by law." Code, sec. 1833. Any person aggrieved may bring suit on the bond. Code, sec. 8621.

The presumption is that the commissioner of finance and taxation has done his duty in making his investigation and his findings as to the amount of taxes due the state from these petitioners. As stated in the original opinions, there is no definite allegation of fraud or misconduct on the part of the commissioner in these matters. Under our statutes just mentioned, petitioners can have full redress against the commissioner and the sureties on his bond if they have been injured by any wrong or negligence of his, as well as recovering any sums illegally exacted of them for taxes.

Much has been said in the petitions to rehear about the decisions of the United States Supreme Court in suits brought to enjoin the collection of taxes unlawfully levied. In the last opinion of that court on this subject, handed down May 18, 1936, *Graves et al.* v. *Texas Company*, 56 S. Ct., 818, 823, 80 L. Ed., 1236, the court was at pains to justify the injunction therein issued because the taxpayer "had no plain, adequate, or complete remedy at law." Such is not the case here.

*Bank of Commerce & Trust Co.* v. *Senter*, 149 Tenn. 569, 260 S. W., 144, disposes of the proposition that the statute authorizing the recovery of taxes paid under protest or duress does not provide an adequate remedy in

case of a privilege tax, the amount of which is a matter of computation.

In one of the petitions to rehear, we are asked to remand the particular cause for an amendment to the petition for *certiorari* therein filed. Such practice is not followed in this jurisdiction. *Tennessee Public Service Co.* v. *City of Knoxville et al.* (Tenn.), 91 S. W. (2d), 566.

Another petitioner asks that the case be removed to the District Court of the United States for further hearing. This application, of course, comes too late.

The petitions to rehear must accordingly be denied.