## EDMONDSON MANAGEMENT SERVICE, INC., Plaintiff–Appellant,

v.

## Jayne Ann WOODS, Commissioner of Revenue, Defendant–Appellee.

Supreme Court of Tennessee.

Aug. 18, 1980.

Wayne S. Taylor, Union City, for plaintiff–appellant.

David S. Weed, Asst. Atty. Gen., William M. Leech, Jr., Atty. Gen., Nashville, for defendant–appellee.

### OPINION

BROCK, Chief Justice.

The plaintiff operates the Ramada Inn Central in Chattanooga and sells alcoholic beverages for consumption on the premises in its bar located there. T.C.A., § 57–4–301, levies a tax equal to 15 percent of the sales price of all alcoholic beverages sold for consumption on the premises. Plaintiff alleges that it paid the taxes thus imposed but that the Commissioner disputed the amount of taxes due and through her agents conducted an audit of the sales of alcoholic beverages on the premises of the Ramada Inn Central and determined that an additional amount of $14,257.81 in taxes, interest and penalty was owed by the taxpayer and made an assessment, accordingly, for that amount. The taxpayer paid this additional assessment under protest and brings this action to recover the same.[1]

Following a trial on the merits, the trial judge held that the plaintiff had failed to prove its case and accordingly dismissed the complaint.

T.C.A., § 57–4–301(c) provides:

"In addition to the privilege taxes levied in (b)(1) above, there is further levied a tax equal to the rate of fifteen percent (15%) of the sales price of all alcoholic beverages sold for consumption on the premises, said tax to be computed on the

---

1. There is a second action, involving the same Ramada Inn and the same audit by the Commissioner, with respect to the sales tax of 6% on the above mentioned alcoholic beverages sold for consumption on the premises, imposed by T.C.A., § 67–3001. The parties have stipulated that proof would be heard only upon the complaint with respect to the 15 percent tax and that the result in this case would be binding in the second.

gross sales of alcoholic beverages for consumption on the premises for the purpose of remitting the tax due the state, and to include each and every retail thereof."

T.C.A., § 57–4–302, in pertinent part, provides:

"The commissioner of revenue of the state of Tennessee is charged with the responsibility of collecting all taxes set out herein due to the said state, and in addition to the requirements set out herein, is authorized to promulgate such rules and regulations as will further implement the full collection of all taxes herein imposed."

Pursuant to this authority, the Department of Revenue developed and implemented by regulation an "average percentage markup audit procedure" as a means of verifying the gross sales of alcoholic beverages of taxpayers and to determine their proper tax liability. This procedure is explained in the record.

The fact that the taxpayer charges different prices for its drinks at different periods of the day is taken into consideration in making the calculations and an allowance is also made for spillage, breakage, etc. Once the average percentage markup per the price schedule filed with the Commissioner by the taxpayer is obtained, it is compared with a percentage markup obtained from the taxpayer's books and records.

If the discrepancy between the two markups is significant, as it was in this case in which the liquor markup per the taxpayer's records was 522.29% as opposed to a price schedule markup of 643.69%, after allowing a 15% deviation for spillage, etc., the Department of Revenue rejects the taxpayer's records on the ground that they do not truly reflect his gross sales. The taxpayer's verified purchases are then marked up by the markup per price schedule to obtain the basis for the tax assessment. This was the method employed by the Commissioner and the Department of Revenue in making the deficiency assessment in this case.

■ The burden of proof is upon the taxpayer to prove that the assessment made is incorrect and to prove its right to recovery by clear and convincing evidence. This Court in *Howard v. United States,* Tenn., 566 S.W.2d 521, 528 (1978) held:

"There is a presumption that tax assessments are valid and the burden is on the taxpayer to prove that they are erroneous."

Again, in *Ford v. Dixie Oil Company,* 170 Tenn. 464, 95 S.W.2d 931 (1936) the Court made the following statement:

"The presumption is that the commissioner of finance and taxation (now the Commissioner of Revenue) has done his duty in making his investigation and his findings as to the amount of taxes due the state . . .." 170 Tenn. at 467, 95 S.W.2d at 932.

*See also, McKinnon and Co. v. State,* 174 Tenn. 619, 130 S.W.2d 91 (1939) wherein the taxpayer questioned its liability for a gasoline privilege tax assessment and the Court found the tax assessment to be valid, observing:

"The burden was on complainant to make out its case in accord with the general rule that the complainant must establish the right to the relief sought." 174 Tenn. at 622, 130 S.W.2d at 92.

In the instant case, there is further authority for this rule in the form of Rule 1320–2–1–.43(g)(h) of the Department's rules and regulations which provides:

"(g) Assessment as Evidence.—An assessment, either estimated or supplemental, made pursuant to this authority shall be binding as if made upon the sworn statement, report or return of the person liable for the payment of any such tax, license or fee; and any such assessment which is lawfully made against such person shall be presumed accurate unless records are submitted evidencing otherwise.

"(h) Extent of Assessment.—The terms 'public tax, license or fee,' as used herein, shall include interest, penalties and any additional amounts or additions to the taxes that may be assessable."

This rule clearly places the burden upon the taxpayer to disprove the result of the

assessment made by the Department of Revenue.

The reason and policy supporting this rule are well stated in *United States v. Rexach*, 482 F.2d 10 (1st Cir. 1973) as follows:

"This rule for taxpayer–initiated suits is premised on several factors other than the normal evidentiary rule imposing proof obligations on the moving party: the relevant prior Supreme Court precedent indicative, if not determinative of the issue. [Citation omitted.]; the presumption of administrative regularity; the likelihood that the taxpayer will have access to the relevant information; and the desirability of bolstering the record–keeping requirements of the Code." 482 F.2d at 16.

■ Vague *allegations* by the taxpayer to the effect that the Department's method of ascertaining the taxes due from him was incorrect are not sufficient to carry the taxpayer's burden. He must show by a preponderance of evidence that he not only has overpaid his taxes, but, also, the amount of such overpayment. *Baker v. Bullock*, Tex.Civ.App., 529 S.W.2d 279 (1975).

*See also, Smith v. State*, Tex.Civ.App., 418 S.W.2d 893 (1967) in which the taxpayer contended that an assessment constituted an estimate based, in part, on a computation and was not in fact the actual amount due, a contention which the court rejected because the taxpayer had offered no evidence of the amount of taxes owed and, thus, had not rebutted the State's audit.

■ We hold that the taxpayer in this case has failed to carry its burden of proof. It has failed to produce an audit, actual books and records, or summaries thereof, or other evidence to establish that it owes less taxes than the amount assessed by the Department of Revenue. The taxpayer has done no more than to make allegations to the effect that the State's audit method was incorrect, inapplicable or constitutes only an estimate; this is wholly insufficient to support a judgment in favor of the taxpayer.

The record shows that this assessment was based upon an audit made by the Department of Revenue according to established rules and regulations of the Department and that logical and recognized accounting procedures appropriate for the circumstances shown in this case were employed. If there be any inaccuracies in this method, they have not been shown by evidence, as taxpayer was bound to do.

The judgment of the trial court dismissing the complaint on the merits is in all things affirmed and costs are assessed against the appellant.

FONES, COOPER and HARBISON, JJ., concur.