**James STRATTON, Plaintiff-Appellant,**

v.

**Donald JACKSON, Commissioner of Revenue, Defendant-Appellee.**

Supreme Court of Tennessee,
at Knoxville.

March 24, 1986.

Michael G. Hatmaker, Jacksboro, for plaintiff-appellant.

Michael W. Catalano, Asst. Atty. Gen., (W.J. Michael Cody, Atty. Gen. & Reporter, of counsel), Nashville, for defendant-appellee.

OPINION

DROWOTA, Justice.

This taxation case involves the application of T.C.A. § 57–4–301, known as the mixing bar tax. Plaintiff, James Stratton, challenges the applicability of the mixing bar tax and the method by which the Commissioner of Revenue determined the amount of his tax liability. This is a direct appeal from the judgment of the Campbell County Chancery Court denying Plaintiff

recovery of taxes, interest and penalty paid under protest.

Plaintiff operated a business in Campbell County that sold beer, for both on and off premises consumption, and bait as well as other sundries. During the period involved in this case, Plaintiff admitted that he also engaged in the unlicensed sale of liquor but denied selling it in the form of mixed drinks. Campbell County does not, however, permit any form of liquor sales. As part of an investigation by the Alcohol Beverage Commission, a search warrant was issued for and executed at Plaintiff's business, resulting in the seizure of twenty-three (23) 200 ml. bottles of liquor and ten (10) 750 ml. bottles of wine on October 28, 1981. Department of Revenue agents were subsequently notified of this seizure and mixing bar gross receipts tax and sales tax audits were conducted.

To determine the Plaintiff's tax liability, the auditors requested Plaintiff's books, records, and receipts for the liquor sales but none were produced by the Plaintiff. Plaintiff testified at the trial that he had no such records. The records obtained from Plaintiff's accountant also contained no specific information concerning any liquor sales. In the absence of records from which an assessment could be made, the Commissioner used the only evidence available, that is, the liquor seized by the Alcohol Beverage Commission. In accordance with the Department of Revenue's established practice, the auditors assumed that the amount of liquor seized constituted the taxpayer's monthly inventory. The amount of alcohol involved was 408.98 oz., which was multiplied by an average price per drink (based on other audits done in East Tennessee) to obtain a monthly income figure for the per ounce sales. This monthly figure was then multiplied by 36, the number of months of the applicable statute of limitations, to arrive at the basis for the disputed assessments of the mixing bar and sales taxes for the sale of mixed drinks.

At trial, the Plaintiff testified that he had already paid sales taxes on every item that went through his cash register. He also denied selling any mixed drinks. An Alcohol Beverage Commission Agent, Cynthis Shultz, testified that she witnessed the sale of several mixed drinks on October 22, 1981. The investigating agents also purchased a bottle of whiskey on October 22. The search warrant was executed on October 28, 1981.

 As his first issue, the Plaintiff argues that he did not sell mixed drinks and thus the mixing bar tax cannot apply to him. He cites T.C.A. § 57–4–301(b)(1), which lists a number of establishments subject to a fixed rate tax, contending that a beer tavern is not included among these and thus not subject to the tax by definition. The Commissioner construes T.C.A. § 57–4–301(c) to mean that Plaintiff engaged in the taxable privilege of selling mixed drinks for consumption on the premises.[1] T.C.A. § 57–4–301(c) specifically applies to all sales of "alcoholic beverages ... for consumption on the premises...." While taxation statutes must be strictly construed, *Gallagher v. Butler*, 214 Tenn. 129, 378 S.W.2d 161 (1964), a clear expression of legislative intent will generally be given effect as written. *Worrall v. Kroger Co.*, 545 S.W.2d 736 (Tenn.1977); *Metropolitan Government of Nashville and Davidson County v. Motel Systems, Inc.*, 525 S.W.2d 840 (Tenn.1975). Accordingly, we hold that T.C.A. § 57–4–301(c) applies to the Plaintiff. The trial court resolved the factual premise required for application of

---

1. T.C.A. § 57–4–301(c) provides:
 (c) In addition to the privilege taxes levied in (b)(1) above, there is further levied a tax equal to the rate of fifteen percent (15%) of the sales price of all alcoholic beverages sold for consumption on the premises, said tax to be computed on the gross sales of alcoholic beverages for consumption on the premises for the purpose of remitting the tax due the state, and to include each and every retail thereof.

this statute against the Plaintiff, finding that mixed drinks had been sold on the premises.

The Plaintiff next challenges the method of determining his tax assessment under the mixing bar tax provision. Arguing that the estimate is arbitrary because it was not based on any evidence sufficient to sustain it, the Plaintiff further alleges that the assumptions made by the Commissioner were not in accord with recognized accounting procedures. The Plaintiff also argues that he has already paid the assessed sales taxes since all his sales were rung on his cash register. He asked that the trial court make the simple mathematical recalculation of his taxes based on the price per bottle, not per drink, sold. In addition, he says no evidence has shown that the amount of liquor seized was in fact a month's inventory.

■■■ Not only is the Commissioner's assessment presumed valid and correct, *Howard v. United States*, 566 S.W.2d 521 (Tenn.1978), but the taxpayer has the heavy and exacting burden of proving the error in the assessment. *Edmondson Management Service, Inc. v. Woods*, 603 S.W.2d 716 (Tenn.1980). Since Plaintiff maintained no adequate records of his liquor sales and failed to supply any clear and convincing evidence of his sales either during the audit or at trial that would demonstrate with the requisite precision the amount of the tax due, *Edmondson Management Services, Inc. v. Woods, supra*, 603 S.W.2d at 718, he will not be heard now to say in effect that because the Commissioner had no evidence of his sales, no tax can be assessed against him based upon an estimate. Further, Plaintiff failed to show what period of time was represented by the inventory seized on October 28, 1981. The assumption made by the Commissioner is not unreasonable, especially considering that the Plaintiff never produced any evidence regarding the supply of liquor seized. Additionally, merely by showing that he owed no further sales tax-

es for the sales shown on his cash register receipts, Plaintiff did not thereby demonstrate with the requisite exactitude that he had in fact paid all the sales taxes due for these liquor sales. The Sales Tax Auditor who testified stated specifically that he examined the Plaintiff's sales receipts but could not determine whether liquor sales were included among them. The allegation that his sales taxes were paid in full, absent some records that would distinguish which receipts represented liquor sales, cannot prove that he thus owed no more sales taxes.

Having correctly concluded that T.C.A. § 57–4–301 applies to Plaintiff, the Chancellor properly sustained the Commissioner's actions, which were in accordance with Department of Revenue regulations promulgated under the authority of T.C.A. § 57–4–302. Under Regulation 1320–2–1–.43, Tenn.Admin.Code, the Commissioner may make an estimated assessment "[w]hen any person shall fail to file any statement, report or return required" and "is authorized to estimate the liability of any such person from whatever source of information may be available." Reg. 1320–2–1–.43(1)(a), Tenn.Admin.Code. This estimated liability is presumed correct and the taxpayer must demonstrate the error. *Id.* See also Reg. 1320–2–1–.43(1)(g), Tenn.Admin.Code. As we stated in *Edmondson, supra:*

> "The record shows that this assessment was based upon an audit made by the Department of Revenue according to established rules and regulations of the Department and that logical and recognized accounting procedures *appropriate for the circumstances shown in this case* were employed. If there be any inaccuracies in this method, they have not been shown by evidence, as taxpayer was bound to do."

603 S.W.2d at 718 (emphasis added).

Moreover, this Court will not reward, directly or indirectly, the failure of a person to maintain adequate records of illegal

sales of liquor by setting aside an assessment of taxes on such sales because the Commissioner based his tax assessment on an estimate. Not only does evidence support the assessment made by the Commissioner, but Plaintiff has not shown how the method of assessment was erroneous, except to allege that it was not based on any records or other evidence and was therefore arbitrary. *See* T.C.A. § 67–1–1438.

In conclusion, Plaintiff

"has failed to produce an audit, actual books and records, or summaries thereof, or other evidence to establish that it owes less taxes than the amount assessed by the Department of Revenue. The taxpayer has done no more than to make allegations to the effect that the State's audit method was incorrect, inapplicable or constitutes only an estimate...."

*Edmondson, supra,* 603 S.W.2d at 718. Plaintiff has shown neither that he has overpaid his taxes nor the precise amount of such overpayment. *Id.*

"Absent a bona fide dispute as to tax liability, we do not look with favor upon technical objections which, if sustained, would frustrate the government in the collection of tax revenues. This record does not reflect a bona fide defense to the claims asserted by the government."

*Howard v. United States, supra,* 566 S.W.2d at 528. The dearth of evidence of which Plaintiff complains was of his own creation. He did not carry his burden and thus the Commissioner's assessment must stand undisturbed. The judgment of the Campbell County Chancery Court is affirmed; costs are taxed to the Plaintiff.

BROCK, C.J., and FONES, HARBISON and COOPER, JJ., concur.