**The ACE OF CLUBS, a Tennessee limited partnership, Plaintiff/Appellant,**

v.

**Joe HUDDLESTON, Commissioner of Revenue, State of Tennessee, Defendant/Appellee.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Aug. 4, 1993.

Permission to Appeal Denied by Supreme Court Feb. 22, 1994.

H. Rowan Leathers, III, Manier, Herod, Hollabaugh & Smith, Nashville, for plaintiff/appellant.

Charles W. Burson, Atty. Gen. and Reporter, Pamela Bingham Broussard, Asst. Atty. Gen., Nashville, for defendant/appellee.

## OPINION

CANTRELL, Judge.

This is a dispute with the Tennessee Department of Revenue over the amount of alcoholic beverage and sales taxes due from the taxpayer. The Chancery Court of Davidson County denied any refund of the taxes paid to satisfy the department's assessment. We affirm.

## I.

The taxpayer runs a nightclub in Nashville. In addition to selling food and beverages, the club provides live entertainment for which an admission fee is charged. The state collects a tax of 15% of the sales price of all alcoholic beverages sold for consumption on the premises, Tenn.Code Ann. § 57–4–301(c), and collects the state sales tax on the admission fees. Tenn.Code Ann. § 67–6–212(a)(2) (1989) (amended 1992). As a result of an audit of the taxpayer's operations the department of revenue filed an assessment covering both the alcoholic beverage tax and the sales tax on the door receipts. The taxpayer paid the amount of the assessment and filed this action to recover a portion of the payment. The Chancery Court of Davidson County held that the taxpayer had not carried its burden of proof to show the assessment was erroneous.

## II.

The dispute over the alcoholic beverage tax concerns the calculation of how many mixed drinks are sold from a given amount of alcoholic beverage. By regulation, the operator of an establishment selling alcoholic beverages is required to file a schedule with the department of revenue showing the quantity of alcoholic beverage used and the sales price for each mixed drink. The taxpayer's schedule filed with the department showed that it used 1¼ ounces of alcoholic beverage in each drink.

The auditors checked the taxpayer's inventory, and by knowing how much of each alcoholic beverage the taxpayer had purchased they arrived at the gross amount of alcoholic beverages consumed on the premises. Applying a certain allowance for spillage and breakage and then dividing the remainder by 1¼ ounces per drink, the auditors arrived at the total number of drinks that would have been sold from the alcoholic beverages consumed. The figure produced by the audit was higher than the sales reported by the taxpayer, and the department of revenue assessed the taxpayer for the difference.

The taxpayer contends that the assessment is incorrect because its bartenders poured more than 1¼ ounces of alcoholic beverage in each drink. At the trial the taxpayer produced the testimony of four bartenders who had been employed since the club opened. They testified that they mixed drinks by "free pouring" the alcoholic beverage and that they always poured at least 1½ ounces of the alcoholic beverage per drink.

Tax assessments are presumed to be valid, and the burden of proof is on the taxpayer to prove that they are erroneous. *Howard v. U.S.*, 566 S.W.2d 521, 528 (Tenn. 1978). In order to overcome the assessment, the proof must be clear and convincing. *Edmondson Management Service, Inc. v. Woods*, 603 S.W.2d 716, 717 (Tenn.1980). The general assembly intended that holders of a license to sell alcoholic beverages should strictly account for their sales. *Benevolent Protective Order of Elks, Lodge No. 1279 v. Olsen*, 669 S.W.2d 654, 656 (Tenn.1984).

We do not think the proof offered by the taxpayer is clear and convincing enough to overcome the presumption in favor of the assessment. The bartenders testified that they did not use any measuring devices in pouring drinks. They simply estimated that they poured at least 1½ ounces in each drink. That is not a strict accounting of the liquor sales and based on that proof we would be left to guess how the assessment was in error. Therefore, we think the chancellor should be affirmed on this issue.

## IV.

The dispute over the tax on the admission receipts stems from the fact that the taxpayer considered the receipts from the door to belong to the band with only a portion being remitted to the taxpayer to cover the cost of staging the performance. The taxpayer therefore contends that the tax fell on the performers rather than on the owner of the club.

The taxpayer typically negotiates with a band to appear and perform at the club. The admission fees are usually collected by a club employee. At the end of the evening, approximately 75% of the gross would be paid to the performers. The taxpayer contends, however, that the collections were being made for and on behalf of the performers.

Tenn.Code Ann. § 67–6–201(7) makes it a taxable privilege to charge admission dues or fees taxable under the Sales Tax Act. Tenn. Code Ann. § 67–6–212(a)(2) (1989) (amended 1992) imposes the tax and provides in relevant part:

> **Amusement Tax.**—(a) There is levied a tax at a rate equal to the rate of tax levied on the sale of tangible personal property at retail by the provisions of § 67–6–202 of the gross receipts or gross proceeds of each sale at retail of the following:
>
> (2) sales of tickets, fees or other charges made for admission to … places of amusement … entertainment. …

We think the taxing scheme is clear. The privilege of selling tickets for admission to a place of entertainment falls on the establishment's owner. The responsibility for collect-

ing the tax must be borne by the owner. Thus, we think the chancellor was correct in upholding the assessment on this issue.

The judgment of the court below is affirmed, and the cause is remanded to the Chancery Court of Davidson County for any further proceeding necessary. Tax the costs on appeal to the appellant.

TODD, P.J., and KOCH, J., concur.