IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON

_____

EDDIE WILLIAMS, JR.

      Plaintiff/Appellant,

v.

TENNESSEE DEPARTMENT
OF CORRECTION,

      Defendant/Appellee.

EDDIE WILLIAMS, JR., pro se.

Lauderdale Circuit No. 4566
C.A. No. 02A01-9503-CV-00046

Hon. Joseph H. Walker,
Judge

FILED

October 2, 1995

Cecil Crowson, Jr.
Appellate Court Clerk

CHARLES W. BURSON, Attorney General and Reporter and ARTHUR CROWNOVER
II, Assistant Attorney General, Nashville, for Appellee.


*REVERSED AND REMANDED.*


Opinion filed:
_____

TOMLIN, P.J., W.S.

      Eddie Williams, Jr. ("petitioner") filed a pro se Petition for Writ of Certiorari in the Circuit Court of Lauderdale County against the Tennessee Department of Correction ("TDOC" or "respondent"), seeking court review of actions taken by a prison disciplinary board, prison warden, and the department commissioner. Due process violations resulting therefrom were also alleged. The trial court granted summary judgment to respondent and petitioner has appealed. On appeal, a single issue was presented for review: whether the trial court erred in granting summary judgment. For the reasons stated hereinafter, we reverse the judgment of the trial court.

      The basic facts for the most part are not in dispute. Petitioner is an inmate in the custody of the TDOC at the West Tennessee High Security Facility (WTHSF). He received a disciplinary report for refusing a direct order in violation of TDOC's Policy No. 502.05. Petitioner was found guilty of the offense at a hearing of the WTHSF's disciplinary board. The decision of the board was affirmed by the WTHSF warden and

1

subsequently by the commissioner of the Department of Correction. Petitioner contends that he was denied due process in connection with the making of the charge against him and the ensuing disciplinary hearing. Specifically, he argues that he was not given notice of the charged offense, that he was not allowed to present witnesses in his favor, and that he was not allowed to present documentary evidence in his favor.

Petitioner sought a writ of certiorari. Two types of certiorari exist in Tennessee: the "common-law writ," provided by T.C.A. § 27-8-101 (Supp. 1994) and the "statutory writ," provided by T.C.A. § 27-8-102 (Supp. 1994). Petitioner seeks both a common-law writ and a statutory writ under the respective statutes. As long as the inferior tribunal exercised judicial functions, petitioner has the option of pursuing both writs and the trial court may determine the issues presented under either or both. Boyce v. Williams, 389 S.W.2d 272, 276 (Tenn. 1965); Roberts v. Brown, 310 S.W.2d 197, 206-08 (Tenn. App. 1958).

## I. SUBJECT MATTER JURISDICTION

The threshold issue before us is whether the Lauderdale County Circuit Court had subject matter jurisdiction over the petition for writ of certiorari. In its final order in this case, the trial court stated, "The Court finds that it does not have jurisdiction to review the correctness of the Disciplinary Board's decision." Because petitioner requested both types of certiorari, we will consider the question of subject matter jurisdiction as it relates to each of them.

### A. Jurisdiction Under the "Common-Law Writ"-- T.C.A. § 27-8-101

The trial court's statement regarding lack of jurisdiction is correct. The intrinsic correctness of the decision of an inferior tribunal is not subject to judicial review under the common-law writ codified at T.C.A. § 27-8-101 (Supp. 1994). State ex rel. McMorrough v. Hunt, 192 S.W. 931, 933 (Tenn. 1917); Powell v. Parole Eligibility

2

Review Bd., 879 S.W.2d 871, 873 (Tenn. App. 1994). However, petitioner seeks review of something other than the intrinsic correctness of the disciplinary board's actions: the alleged denial of due process by the TDOC. Judicial review by common law writ is appropriate when an inferior officer, tribunal, or board has (1) exceeded the jurisdiction conferred upon the officer or entity, or (2) is acting illegally and no other "plain, speedy, or adequate remedy" exists. T.C.A. § 27-8-101 (Supp. 1994); State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978).

Petitioner in the instant case is not seeking a review of the intrinsic correctness of the disciplinary board's action, but complains that the commissioner, warden, and disciplinary board violated his due process rights by exceeding their jurisdiction and acting illegally. These allegations are reviewable under the common law writ of certiorari, although petitioner has alleged no facts that if true would show that Corrections personnel exceeded their jurisdiction. He has, however, asserted facts that if true would show "illegal" acts as that term is used in section 27-8-101. This court has held that the common-law writ of certiorari is available to correct the "essential illegality" of a denial of procedural rights guaranteed by the federal and state constitutions. State v. Womack, 591 S.W.2d 437, 442 (Tenn. App. 1979); see also Cantrell, Review of Administrative Decisions by Writ of Certiorari in Tennessee 4 Mem. St. U. L. Rev. 19, 28-29.

In addition, petitioner has no other "plain, speedy, or adequate remedy." Petitioner at his option may appeal the disciplinary board's decision to the warden and commissioner, but the commissioner's decision is "final." TDOC Uniform Disciplinary Procedures VI.E. (Nov. 15, 1993). Neither the Tennessee Code nor the Uniform Disciplinary Procedures provide for judicial review of the disciplinary board's actions. We hold that the trial court has jurisdiction under T.C.A. § 27-8-101 to hear petitioner's claims regarding the illegality of acts taken by the disciplinary board.

B. Jurisdiction Under the "Statutory Writ"-- T.C.A. § 27-8-102

The statutory writ of certiorari is available in five situations: "(1) On suggestion of diminution; (2) Where no appeal is given; (3) As a substitute for appeal; (4) Instead of audita querela; or (5) Instead of writ of error." T.C.A. § 27-8-102 (Supp. 1994). The only one of the five possible circumstances under which a statutory writ for review of a disciplinary board's actions would lie is arguably the second situation, "where no appeal is given." If the statutory writ lies, review under the writ is de novo and may be used to correct errors of fact and law committed by the inferior tribunal. Boyce, 389 S.W.2d at 276. Under this writ, the reviewing court may have a trial on the merits. Roberts, 310 S.W.2d at 207-08.

Judge Cantrell, now of this court, has summarized the case law and succinctly described the requirements that must be met before issuance of a statutory writ of certiorari is proper:

> In summary, in the absence of a specific statute expressly granting the writ, the statutory writ of certiorari is available only if the following requirements are met: (1) the order of the administrative body of which review is sought is one for which no judicial review is provided; (2) the function performed by the lower tribunal is essentially judicial in nature; (3) the order for which review is sought finally determines the rights of the petitioner."

Cantrell, 4 Mem. St. U. L. Rev. at 27-28. In the instant case, all three of these requirements have been met. The Tennessee Code and the Uniform Disciplinary Procedures provide no method of judicial review, other than certiorari. The disciplinary board, in hearing the charge that petitioner violated a disciplinary rule and in deciding punishment was acting in a judicial nature, as were the warden and commissioner, in reviewing the board's decisions. Finally, the decision of the board, as affirmed by the warden and commissioner, is final. In our opinion, the trial court has jurisdiction under T.C.A. § 27-8-102 to hear petitioner's claims regarding the illegality of acts taken by the disciplinary board.

C. Venue: Lauderdale County vs. Davidson County

Implicit in our decision that the Lauderdale County Circuit Court has subject matter jurisdiction is the finding that the Davidson County courts do not have exclusive jurisdiction over certiorari review of prison disciplinary actions. T.C.A. §§ 27-9-101 to -114 (1980 & Supp. 1994) provide the procedural framework for review under both the statutory and common-law writs of certiorari. Section 27-9-102 provides, "Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office." T.C.A. § 27-9-102 (1980).

The appellate courts of this state have recently made blanket statements to the effect that "only the courts of Davidson County have the necessary subject matter jurisdiction to review the actions of a state agency."[1] See, e.g., Norton V. Everhart, 895 S.W.2d 317, 320 (Tenn. 1995). As authority for this statement, the Norton court relied upon the supreme court's decision in Tennessee Real Estate Commission v. Potts, 428 S.W.2d 794 (Tenn. 1968).[2] However, these restatements of the principle set forth in Potts are overbroad, in our opinion. In interpreting section 27-9-102, the Potts court

_____

[1] The petitioner in Norton was seeking review of an action of the Board of Paroles, whose situs is exclusively Davidson County. 895 S.W.2d at 318. However, as discussed below, not all state agency tribunals are located exclusively in Davidson County.

[2] The court of criminal appeals has made similar statements, to the effect that the proper courts for certiorari review of disciplinary board actions are the courts of Davidson County, sometimes relying upon Brigham v. Lack, 755 S.W.2d 469 (Tenn. Crim. App. 1988). See, e.g., Putt v. Bell, No. 01C01-9411-CC-00386, 1995 WL 121490, at *1 (Tenn. Crim. App. March 22, 1995); Snodgrass v. Noles, No. 02C01-9403-CC-00037, 1994 WL 328762, at *1 (Tenn. Crim. App. July 8, 1994); Bishop v. Conley, 1994 WL 772849, at *1 (Tenn. Crim. App. July 8, 1994). However, Brigham involved the Department of Correction's application of a statute to an affected person and the court found that it was governed by the Administrative Procedures Act (APA). 755 S.W.2d at 471. Therefore, under sections 4-5-223 and -224 of the APA, dealing with declaratory orders and judgments, the Chancery Court of Davidson County was the only court with subject matter jurisdiction to hear the action. Id. The Brigham court did state that a complaint against the Board of Paroles could be treated as a petition for common law certiorari, but was silent as to the proper court to entertain that petition. Id. We do not believe that Brigham is authority for the proposition that petitions for certiorari for review of disciplinary board actions must be filed in the courts of Davidson County.

stated that the section

> merely fixes permissible venue for review of Boards and Commissions. It does not have the effect of giving the trial court of any county wherein the party affected may have residence subject matter jurisdiction over the review of a Board or Commission exclusively located elsewhere. That section merely specifies the courts where the writ might be sought if other jurisdictional requirements are met.

Potts, 428 S.W.2d at 796-97 (emphasis added).

In Potts, the supreme court quoted with approval from one of its earlier decisions, McKee v. Board of Elections, 117 S.W.2d 752 (Tenn. 1938). Potts, 428 S.W.2d at 796. The McKee court stated, "The revisory power of a higher court is limited to the correction of errors of tribunals located within the territorial jurisdiction of the appellate body. It is the situs of the lower tribunal, and not the residence of the parties, that points out the proper appellate tribunal." McKee, 117 S.W.2d at 754 (emphasis added).

In the case before us, petitioner seeks review of actions taken by the prison disciplinary board, the prison warden, and the commissioner of the Department of Correction. Petitioner is not seeking review of a decision of a state board "exclusively located elsewhere." The situs of the disciplinary board involved herein is at WTHSF, in Lauderdale County. Furthermore, petitioner is an inmate at the same institution. The warden and members of the disciplinary board, employees of the prison, have their principal office in Lauderdale County, and likely have their residences there as well. The incident from which the charge against petitioner stems occurred in Lauderdale County as did the disciplinary board's hearing on the matter and the warden's affirmance of the board's decision. Only the commissioner of the Department of Correction is located in Davidson County.

In our opinion, all jurisdictional requirements are met for the filing of the petition for certiorari in the courts of Lauderdale County.

6

## II. SUMMARY JUDGMENT

The Tennessee Supreme Court recently reviewed summary judgment practice and procedure in Byrd v. Hall, 847 S.W.2d 208 (Tenn. 1993). "[T]he issues that lie at the heart of evaluating a summary judgment motion are: (1) whether a factual dispute exists; (2) whether the disputed fact is material to the outcome of the case; and (3) whether the disputed fact creates a genuine issue for trial." Id. at 214. A fourth issue is whether the moving party is entitled to judgment as a matter of law. Id. at 215. The circuit court found that no genuine issues of material fact existed and also found that defendant is entitled to judgment as a matter of law.

The petition in this case was prepared by the pro se petitioner and was sworn to and subscribed before a notary public. For the purposes of this decision, we will treat this petition as an affidavit that satisfies the provisions of T.R.C.P. 56.05. Petitioner asserts that he was denied due process in that he was not provided notice, was not given an opportunity to prepare for his defense, was not allowed to present witnesses in his favor, and was not allowed to present documentary evidence.

When the party seeking summary judgment makes a properly supported motion, the burden then shifts to the nonmoving party to set forth specific facts, not legal conclusions, by using affidavits or the other discovery materials listed in Rule 56.03, establishing that there are indeed disputed, material facts creating a genuine issue that needs to be resolved by the trier of fact, and that a trial is therefore necessary. Byrd, 847 S.W.2d at 215. Defendant has not carried this burden in that no response of the type anticipated by the above principle of law was made to the sworn petition of petitioner. For this reason, we hold that the trial court erred in finding that no genuine issues of material fact exist.

Accordingly, the judgment of the trial court is reversed. This case is remanded

to the Circuit Court of Lauderdale County, which is respectfully directed to issue both the statutory and common law writs of certiorari, and for such other

proceedings not inconsistent with this opinion. Costs in this cause on appeal are taxed to the respondent, for which execution may issue if necessary.

_____
TOMLIN, P.J., W.S.


_____
CRAWFORD, J.                    (CONCURS)


_____
HIGHERS, J.                     (CONCURS)