## IN THE COURT OF APPEALS OF TENNESSEE
## WESTERN SECTION AT JACKSON

| | |
|---|---|
| **STEVEN COBB,** | ) |
| | ) |
| Petitioner/Appellant, | ) **Lake Circuit No. 96-7580** |
| | ) |
| **VS.** | ) **Appeal No. 02A01-9707-CV-00144** |
| | ) |
| **JOSEPH VINSON, Chairman** | ) |
| **LCRCF Disciplinary Board, et al,** | ) |
| | ) |
| Respondents/Appellees. | ) |

**FILED**

**April 1, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

### APPEAL FROM THE CIRCUIT COURT OF LAKE COUNTY
### AT TIPTONVILLE, TENNESSEE
### THE HONORABLE R. LEE MOORE, JR., JUDGE

**STEVEN COBB, pro se**
Henning, Tennessee

**JOHN KNOX WALKUP**
**Attorney General and Reporter**
**SOHNIA W. HONG**
**Assistant Attorney General**
Attorneys for Appellee

**REVERSED AND REMANDED**

**ALAN E. HIGHERS, J.**

**CONCUR:**

**DAVID R. FARMER, J.**

**HOLLY KIRBY LILLARD, J.**

_____Stephen Cobb ("petitioner") filed a pro se Petition for Writ of Certiorari in the Circuit

Court of Lake County against Joseph Vinson, Chairman of the Lake County Regional Correctional Facility disciplinary board ("LCRCF"); Billy Compton, warden of LCRCF; and Donal Campbell ("commissioner"), commissioner of the Tennessee Department of Correction (collectively "respondents") seeking court review of actions taken by the prison disciplinary board, prison warden, and department commissioner. Due process violations resulting therefrom were also alleged. The trial court granted respondents' motion for dismissal for improper venue and petitioner has appealed. On appeal, a single issue was presented for our review: whether the trial court erred in granting respondents' motion to dismiss for improper venue. For reasons state hereinafter, we reverse the judgment of the trial court and remand.

Essentially, the basic facts of this case are not in dispute. Petitioner is an inmate in the custody of the Tennessee Department of Correction ("TDOC") and is currently confined at West Tennessee High Security Facility. At all times relevant to his Petition for Writ of Certiorari, however, petitioner was a resident of LCRCF. On September 17, 1996, a LCRCF official charged petitioner with threatening an employee. The disciplinary board conducted a hearing on September 27, 1996, and found petitioner guilty of threatening an employee. As a result of the conviction, the disciplinary board imposed a punishment of ten days punitive segregation and recommended immediate transfer to another institution. The decision of the disciplinary board was affirmed by Warden Billy Compton and subsequently by the commissioner of the Department of Correction, Donal Campbell. Petitioner contends that he was denied due process in connection with the making of the charge against him and the ensuing disciplinary hearing. Specifically, petitioner characterizes his complaint as follows: (1) the disciplinary board hearing was conducted without petitioner present; (2) the petitioner was denied the right to call witnesses and no reason for denial was recorded; (3) the petitioner was denied the right to confront and cross-examine his accuser; (4) the petitioner was denied the right to testify on his own behalf; and (5) the disciplinary board did not complete the disciplinary board hearing summary in accordance with TDOC regulations and did not conduct the hearing in the manner set forth in TDOC regulations.

2

Petitioner sought a Writ of Certiorari. There are two types of certiorari which exist in Tennessee--the common law writ provided for in T.C.A. § 27-8-101 (Supp. 1997) and the statutory writ provided in T.C.A. § 27-8-102 (Supp. 1997). Petitioner seeks both a common law writ and a statutory writ under the aforementioned statutes.

Respondents contend that T.C.A. § 27-9-102 and the cases interpreting it mandate that petitions for writs of certiorari be filed in the county where the official situs of the agency being sued is located. T.C.A. § 27-9-102 provides:

> Such party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office, stating briefly the issues involved in the cause, the substance of the order or judgment complained of, of the respects in which the petitioner claims the order or judgment is erroneous, and praying for an accordant review.

Specifically, respondents argue that under the above statute and the cases interpreting it, a petition for review of a state prison's disciplinary board decision can only be filed in the principal office of the state agency. Here, the state agency is the TDOC principally located in Davidson County, Tennessee. Therefore, respondents contend that petitioner's action could only have been filed in the courts of Davidson County. We disagree.

The single issue before us is whether the Lake County Circuit Court provided the appropriate venue for petitioner's petition for writ of certiorari. In its final order in this case, the trial court stated: "It appears that under the circumstances, Lake County is not the proper venue, but without statutory authority to transfer this case, the Court has no alternative but to grant defendant's Motion to Dismiss based on improper venue."

It is imperative to note that this court has decided a case strikingly similar to the case before us. In *Williams v. Tennessee Department of Correction*, No. 02A01-9503-CV-00046, 1995 WL 575142, at *2 (Tenn. Ct. App. Oct. 2, 1995), petitioner filed a pro se petition for writ of certiorari in the Circuit Court of Lauderdale County against the Tennessee Department of Correction seeking court review of actions taken by a prison disciplinary board, prison warden, and department commissioner. *Id.* at *1. Petitioner

3

alleged due process violations. The trial court granted summary judgment for lack of subject matter jurisdiction. This court reversed stating that "all jurisdictional requirements are met for the filing of the petition for certiorari in the courts of Lauderdale County." *Id.* at 3.

Tracking the reasoning in *Williams*, we note that under the common law writ of certiorari, T.C.A. § 27-8-101, judicial review is appropriate when a tribunal, officer, or board (1) has exceeded the jurisdiction conferred upon the officer or entity, or (2) is acting illegally and no other "plain, speedy, or adequate remedy" exists. T.C.A. § 27-8-101 (Supp. 1997).

Like *Williams*, in the case under submission petitioner complains that the commissioner, warden, and disciplinary board violated his due process rights by exceeding their jurisdiction and acting illegally. These allegations are reviewable under the common law writ of certiorari. Although petitioner has alleged no facts that if true would illustrate that Correction personnel exceeded their jurisdiction, he has, however, asserted facts that if true would show "illegal" acts as that term is used in section 27-8-101. We have held that the common law writ of certiorari is available to correct the "essential illegality" of a denial of a procedural right guaranteed by the federal and state constitutions. *State v. Womack*, 591 S.W.2d 437, 442 (Tenn. Ct. App. 1979).

Furthermore, petitioner in the instant case has no other "plain, speedy, or adequate remedy." Petitioner may choose to appeal the disciplinary board's decision to the warden and thereafter to the commissioner of TDOC, but the decision of the commissioner is "final" as noted in *Williams*. *Williams v. Tennessee Dept. of Correction*, No. 02A01-9503-CV-00046, 1995 WL 575142, at *2; TDOC Uniform Disciplinary Procedures VI.E. (Nov. 15, 1993). Neither the Tennessee Code nor the Uniform Disciplinary Procedures provide for judicial review of the disciplinary board's actions. We confirm what this court stated in *Williams*: "We hold that the trial court has jurisdiction under T.C.A. § 27-8-101 to hear petitioner's claims regarding the illegality of acts taken by the disciplinary board." In the case before us, we conclude that the Lake County Circuit Court, like that of the Lauderdale

4

Circuit Court in *Williams*, has jurisdiction under T.C.A. § 27-8-101 to hear petitioner's claims regarding the illegality of the actions taken by the disciplinary board.

Secondly, the statutory writ of certiorari petitioned for by petitioner is available in five situations: "(1) On suggestion of diminution; (2) Where no appeal is given; (3) As a substitute for appeal; (4) Instead of audita querela; or (5) Instead of writ of error." T.C.A. § 27-8-102 (Supp. 1997). The only possible circumstance that these facts fall under is number two--"where no appeal is given." If the statutory writ lies, review under the writ is *de novo* and may be used to correct errors of fact and law committed by the inferior tribunal. *Boyce v. Williams*, 389 S.W.2d 272, 276 (Tenn. 1965). Under this writ, the reviewing court may conduct a trial on the merits. *Roberts v. Brown*, 310 S.W.2d 197, 207-208 (Tenn. Ct. App. 1958).

In *Williams*, we quoted from Judge Cantrell's article in 4 Mem. St. U. L. Rev. at 27-28 as summarizing the case law and succinctly describing the requirements that must be met before issuance of a statutory writ of certiorari is appropriate:

> In summary, in the absence of a specific statute expressly granting the writ, the statutory writ of certiorari is available only if the following requirements are met: (1) the order of the administrative body of which review is sought is one for which no judicial review is provided; (2) the function performed by the lower tribunal is essentially judicial in nature; (3) the order for which review is sought finally determines the rights of the petitioner.

In the case before us, as in *Williams*, all three of these requirements have been met. The Tennessee Code and the Uniform Disciplinary Procedure provided no method of judicial review, other than certiorari. The disciplinary board, in hearing the charge that the petitioner violated a disciplinary rule and in deciding punishment, was acting in a judicial nature, as were the warden and commissioner, in reviewing the board's decision. Finally, the decision of the board, as affirmed by the warden and commissioner, is final. Once again, we confirm what was stated in *Williams*: "In our opinion, the trial court has jurisdiction under T.C.A. § 27-8-102 to hear petitioner's claims regarding the illegality of acts taken by the disciplinary board." In the case before us, we conclude that the Lake County Circuit Court, like that of the Lauderdale Circuit Court in *Williams*, has jurisdiction

under T.C.A. § 27-8-102 to hear petitioner's claims regarding the illegality of the actions taken by the disciplinary board.

Like *Williams*, implicit in our decision that the Lake County Circuit Court has subject matter jurisdiction is the conclusion that Davidson County courts do not have exclusive jurisdiction over certiorari review of prison disciplinary actions. T.C.A. §§ 27-9-101 to 27-9-114 (1980 and Supp. 1997) lays out the framework for review under both the statutory and common law writs of certiorari. As mentioned *supra*, T.C.A. § 27-9-102 provides that "[s]uch party shall, within sixty (60) days from the entry of the order or judgment, file a petition of certiorari in the chancery court of any county in which any one or more of the petitioners, or any one or more of the material defendants reside, or have their principal office, . . ." This court notes that the appellate courts of this state have, in the past, made broad, "blanket" statements to the effect that "only the courts of Davidson County have the necessary subject matter jurisdiction to review the actions of a state agency." *See e.g., Norton v. Everhart*, 895 S.W.2d 317, 320 (Tenn. 1995). The authority cited for this statement is taken from the Tennessee Supreme Court's decision in *Tennessee Real Estate Commission v. Potts*, 428 S.W.2d 794 (Tenn. 1968). As stated in *Williams*, "these restatements of the principle set forth in *Potts* are overbroad, in our opinion." *Williams v. Tennessee Dept. of Correction*, No. 02A01-9503-CV-00046, 1995 WL 575142, at *2. In interpreting § 27-9-102, the *Potts* court stated that the section

> merely fixes permissible venue for review of Boards and Commissions. It does not have the effect of giving the trial court of any county wherein the party affected may have residence subject matter jurisdiction over the review of a Board or Commission *exclusively located elsewhere*. That section merely specifies the courts where the writ might be sought if *other jurisdictional requirements are met.*

*Potts*, 428 S.W.2d at 796-97 (emphasis added).

In *Williams*, this court stated:

> In the case before us, petitioner seeks review of actions taken by the prison disciplinary board, the prison warden, and the commissioner of the Department of Correction. Petitioner is not seeking review of a decision of a state board "exclusively located elsewhere." The situs of the disciplinary board involved herein is at WTHSF (West Tennessee High Security Facility), in Lauderdale County. Furthermore, the petitioner is

6

an inmate at the same institution. The warden and members of the disciplinary board, employees of the prison, have their principal office in Lauderdale County, and likely have their residences there as well. The incident from which the charge against the petitioner stems occurred in Lauderdale County as did the disciplinary board's hearing on the matter and the warden's affirmance of the board's decision. Only the commissioner of the Department of Correction is located in Davidson County. In our opinion, all jurisdictional requirements are met for the filing of the petition for certiorari in the courts of Lauderdale County.

Like *Williams*, in the case before us, petitioner seeks review of action taken by the prison disciplinary board, the prison warden, and the commissioner of the TDOC. Petitioner is not seeking review of a decision "exclusively located elsewhere." The disciplinary board of the LCRCF is located in Lake County. At the time of the events incident to this cause, petitioner was an inmate at LCRCF. The warden and members of the disciplinary board have their principal office in Lake County and likely have their personal residences there as well. The incident from which petitioner was charged occurred in Lake County. The disciplinary board's hearing on the matter and the warden's affirmance of the board's decision all took place in Lake County. The only tie to Davidson County is the commissioner of the TDOC who further affirmed the decision of the disciplinary board and warden.

It is our opinion that all the jurisdictional requirements have been met for the filing of the petition for certiorari in the courts of Lake County.

Accordingly, the judgment of the trial court dismissing petitioners claim for improper venue is reversed. This case is remanded to the Circuit Court of Lake County, which is respectfully directed to issue both the statutory and common law writs of certiorari, and for such other proceedings as are necessary and consistent with this opinion. Costs of this appeal are assessed against respondents, for which execution may issue if necessary.

_____
HIGHERS, J.

7

CONCUR:

_____
FARMER, J.


_____
LILLARD, J.